**Raymond W. MILLER, Jr.**

v.

**BOROUGH OF RIEGELSVILLE.**

**Civ. A. No. 89–8324.**

United States District Court, E.D. Pennsylvania.

May 25, 1990.

Samuel A. Litzenberger, Riegelsville, Pa., for plaintiff.

Joanne D. Sommer, Doylestown, Pa., for defendant.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the defendant's motion to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b), and for sanctions, pursuant to Fed.R.Civ.P. 11. For the reasons given below, after a conference with counsel, we shall grant the defendant's motion as it pertains to dismissal of the complaint and we shall deny it as it pertains to the imposition of sanctions.

The plaintiff admits that, since mid-1985, he has been the Chief of Police and the sole law enforcement officer employed by Riegelsville Borough (the "Borough") in Bucks County, Pennsylvania. He further admits that, at all times relevant to the matter under consideration, the Borough employed fewer than five individuals in law enforcement activities. In November, 1989, the plaintiff brought an action against the Borough pursuant to 29 U.S.C.A. § 216(b) (West Supp.1990) of the Fair Labor Standards Act (the "FLSA") to recover overtime compensation allegedly due and owing for the years 1985, 1986, and 1987.

In its motion to dismiss, the Borough raises arguments based upon the statute of limitations, found at 29 U.S.C. § 255(a) (West 1985), the exemption for police departments of fewer than five members, found at 29 U.S.C.A. § 213(b)(20) (West Supp.1990), the imposition of FLSA liability upon state and local governments only after April 15, 1986, and the application to the plaintiff of the exemption from the FLSA of an official in a policymaking position and not subject to Pennsylvania's civil service laws, found at 29 U.S.C.A. § 203(e)(2)(C) (West 1987 & Supp.1990). Because we find that the plaintiff cannot maintain his action because of the exemption granted by 29 U.S.C.A. § 213(b)(20), we shall not discuss the other arguments raised by the defendant Borough.

29 U.S.C.A. § 213(b)(20) reads as follows:

The provisions of section 207 of this title shall not apply with respect to—

. . . . .

(20) any employee of a public agency who in any workweek is employed in fire protection activities or any employee of a public agency who in any workweek is employed in law enforcement activities (including security personnel in correctional institutions), if the public agency employs during the workweek less than 5 employees in fire protection or law enforcement activities, as the case may be;

. . .

29 U.S.C.A. § 207 (West 1965 & Supp. 1990) prescribes the "maximum hours" for employees and the rate at which they are to be compensated for overtime. 29 U.S. C.A. § 207(k) reads:

No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—

(1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or

(2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days.

compensation at a rate not less than one and one-half times the regular rate at which he is employed.

The plaintiff argues that the exemption found at § 213(b)(20) does not apply to § 207(k). In his brief, the plaintiff contends: "The claim of Defendant [*sic*] herein is not for overtime pay for hours worked in excess of 40 hours per work week but for overtime pay for those worked within a work period as defined and set forth in Section 207(k)." He also states that he "was employed on a time management basis and worked for a 'work period' rather than for a 'work week', his employment contract and addendum thereto being attached hereto and incorporated herein by reference."

We are unpersuaded by the plaintiff's arguments. First, § 213(b)(20) states unequivocally that *"[t]he provisions* of section 207 of this title shall not apply" to police departments with fewer than five members. (Emphasis supplied). Section 207(k) is among "the provisions" of § 207 of Title 29. Second, § 207(k) makes reference to a determination, regarding hours, to be made by the Secretary of Labor pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974. Section 6(c)(3) of the Fair Labor Standards Amendments of 1974, Pub.L. No. 93–259, 88 Stat. 61, reads as follows:

The Secretary of Labor shall in the calendar year beginning January 1, 1976, conduct (A) a study of the average number of hours in tours of duty in work periods in the preceding calendar year of employees (other than employees exempt from section 7 of the Fair Labor Standards Act of 1938 [section 207 of this title] by section 13(b)(20) of such Act [subsec. (b)(20) of this section]) of public agencies who are employed in fire protection activities, and (b) a study of the average number of hours in tours of duty in work periods in the preceding calendar year of employees (*other than employees exempt from section 7 of the Fair Labor Standards Act of 1938 [section 207 of this title] by section 13(b)(20) of such Act [subsec. (b)(20) of this section]*) of public agencies who are employed in law enforcement activities (including security personnel in correctional institutions). The Secretary shall publish the results of each such study in the Federal Register. (Emphasis supplied.)

Section 6(C)(3) of the Fair Labor Standards Amendments of 1974 undercuts the plaintiff's position in two ways. First, it reiterates what is already clear from the plain language of § 213(b)(20), *i.e.*, that the whole of § 207, including § 207(k), does not apply to very small police departments. Second, if Congress had intended the interpretation presented to us by the plaintiff, would Congress have expressly excluded from a study, designed to implement § 207(k), those police officers employed by very small departments and exempted by

§ 213(b)(20)? We think not. For these reasons, we find the plaintiff's arguments to be unconvincing and his cause of action under the FLSA to be untenable. We shall, therefore, grant the Borough's motion to dismiss the complaint.

▪ The Borough has also moved for the imposition of sanctions pursuant to Fed.R. Civ.P. 11,[1] which reads in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The Borough argues that, had the plaintiff's counsel, Samuel A. Litzenberger, Esq., seen the exemption found at 29 U.S. C.A. § 213(b)(20), he would have realized that he was foreclosed from bringing suit under the FLSA. Plaintiff's counsel, while acknowledging that he had missed seeing that exemption because of a missing pocket part in the Title 29 volume available to him, argues that, before bringing suit he had, in fact, consulted practitioners in this area of the law and that they had advised him that such a suit was possible. We find the Advisory Committee Notes to Fed.R.Civ.P.

11 helpful in deciding whether sanctions should be imposed. These Notes read in relevant part:

The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

While we think that counsel should have inquired as to the possibility that a pocket part did exist for the volume of Title 29 available to him, we cannot say that his behavior at this point was so egregious as to require the imposition of Rule 11 sanctions. He did request guidance from practitioners in the field and he did attempt some plausible arguments based upon the statute. We, therefore, decline to impose sanctions in the instant case.

An appropriate Order follows.

### ORDER

AND NOW, this 25th day of May, 1990, upon consideration of the defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b) and Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 and upon consideration of the plaintiff's response thereto, it is hereby ORDERED that said motion is GRANTED as it pertains to the dismissal of the plaintiff's complaint and DENIED as it pertains to the imposition of sanctions. Accordingly, plaintiff's complaint is DISMISSED with prejudice and this case is closed.

---

1. We decide this part of the Borough's motion without hearing, in accordance with this directive found in the Advisory Committee Notes to Fed.R.Civ.P. 11: "To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record."