OTR DRIVERS AT TOPEKA FRITO–LAY, INC.'S DISTRIBUTION CENTER on behalf of themselves and all other employees of Frito–Lay, Inc. similarly situated, Plaintiffs,

v.

FRITO–LAY, INC., a Delaware Corporation licensed to do business within the state of Kansas, Defendant.

Civ. A. No. 91–4024–DES.

United States District Court, D. Kansas.

Jan. 9, 1995.

Eric Kjorlie, Topeka, KS, for plaintiffs.

Richard D. Ewy, Gloria G. Flentje, Foulston & Siefkin, Wichita, KS, James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, R. Slaton Tuggle, III, Kilpatrick & Cody, Atlanta, GA, James P. Rankin, Foulston & Siefkin, Topeka, KS, David P. Phippen, Kilpatrick & Cody, Washington, DC, for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

## I. INTRODUCTION

This matter is before the court on defendant's motion for sanctions under Federal Rule of Civil Procedure 11 (Doc. 60). Defendant argues the underlying action was frivolous and requests that the court assess plaintiffs' counsel the attorneys' fees, costs, and expenses defendant incurred as a result of this action.

The court has reviewed the parties' factual and legal submissions, as well as the relevant law, and is ready to rule.

## II. BACKGROUND

On February 11, 1991, plaintiffs ("OTR Drivers") filed this action to recover unpaid minimum wages, overtime compensation, attorneys' fees, interest, and costs under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, and the Kansas Minimum Wage and Maximum Hours Act ("KMWMHA"), K.S.A. 44–1201, *et seq.* On April 25, 1991, defendant moved to dismiss arguing the court lacked subject matter jurisdiction because (1) the action was not brought by a proper party plaintiff and (2) plaintiffs' "consents" to become party plaintiffs were insufficient to satisfy 29 U.S.C. § 216(b). The court agreed and dismissed this action without prejudice July 31, 1991.[1] On August 9, 1991, plaintiffs moved to alter or amend judgment. The court denied their motion September 6, 1991. Plaintiffs then appealed to the Tenth Circuit arguing their "consents" satisfied 29 U.S.C. § 216(b) and they should have been allowed to amend their complaint. The Tenth Circuit did not reach these issues but, instead, dismissed plaintiffs' appeal March 22, 1993, because

---

1. At the end of the Memorandum and Order dismissing this case, the court indicated how Mr. Kjorlie could craft complying consents should he choose to refile the case. Memorandum and Order (Doc. 46), filed July 31, 1991, at p. 5 note 1. Three days after the Memorandum and Order was entered, Mr. Kjorlie refiled the action with proper party plaintiffs.

**148**

OTR Drivers lacked standing to pursue on appeal matters unrelated to its authority to bring an action under 29 U.S.C. § 216(b). On May 13, 1993, defendant moved for sanctions under Fed.R.Civ.P. 11.

## III. DISCUSSION

■ Fed.R.Civ.P. 11 was amended effective December 1, 1993. By order of the Supreme Court, the amendment "shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending." Order of the Supreme Court, 146 F.R.D. 404 (1993). The parties have not supplemented their memoranda to discuss the effect of the amendment. However, the court finds that because the challenged conduct took place prior to December 1, 1993, defendant filed its Fed.R.Civ.P. 11 motion prior to December 1, 1993, and the parties completed their briefing prior to December 1, 1993, it would be unjust and impracticable to apply the amendment to the instant case. *Temple v. WISAP USA in Texas,* 152 F.R.D. 591, 600 n. 7 (D.Neb.1993).

In its pre-amendment form, Fed.R.Civ.P. 11 provides, in pertinent part, as follows:

*[e]very pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.* A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. *The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, informa-*

*tion, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.* If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. *If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it,* a represented party, or both, *an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.*

(Emphasis added).

■ "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). It accomplishes its purpose, in part, by imposing upon attorneys an affirmative duty to conduct some prefiling inquiry into both the facts and the law. Fed.R.Civ.P. 11, advisory committee's note on 1983 amendment. Attorneys must "certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell,* 496 U.S. at 393, 110 S.Ct. at 2454. If they sign a pleading in violation of Fed.R.Civ.P. 11—for instance, if they sign a pleading which is not legally tenable—then the court *shall* order an appropriate sanction.[2]

■ When examining defendant's motion for Fed.R.Civ.P. 11 sanctions, "[t]he

---

**2.** The amended version of Rule 11 provides, in pertinent part, as follows: "[i]f, ..., the court determines that subdivision (b) has been violated, the court *may,* ..., impose an appropriate sanc-
tion upon the attorneys, law firms, or parties that have violated subdivision (b)...." Fed.R.Civ.P. 11(c) (emphasis added).

court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading ... was submitted." Fed.R.Civ.P. 11, advisory committee's notes on 1983 amendment. "The standard is one of reasonableness under the circumstances." *Id.* Accordingly, subjective good faith—that is, "a pure heart but empty head"—is no defense.

Defendant argues plaintiffs' counsel violated Fed.R.Civ.P. 11 by failing to conduct a reasonable legal inquiry prior to filing this action. Defendant does not contend that the underlying action is meritless. Instead, defendant argues as sanctionable only Mr. Kjorlie's alleged failure to make a reasonable inquiry into the procedural and jurisdictional requirements involved in filing a lawsuit under the FLSA. Defendant's Memorandum in Reply (Doc. 71), filed July 13, 1993, at p. 9. Therefore, the only question presented is whether Mr. Kjorlie conducted a reasonable inquiry into the law supporting the complaint.[3] Whether Mr. Kjorlie conducted a reasonable inquiry depends on whether the manner in which he captioned OTR Drivers' complaint was based on a plausible view of the law. *Cf.* Fed.R.Civ.P. 11, advisory committee's notes on 1983 amendment (explaining that "what constitutes a reasonable inquiry may depend on such factors as ... whether the pleading, motion, or other paper was based on a plausible view of the law").

■ Fed.R.Civ.P. 10(a) requires that the caption of the complaint state the names of all the parties. Under 29 U.S.C. § 216(b), one or more employees may maintain a FLSA action against an employer on behalf of themselves and other employees similarly situated. The statute provides for an opt-in procedure whereby an employee who wants to be represented must file a consent in writing to become a party plaintiff. An action must be maintained by an individual employee or several employees. *See Equal Employment Op. Com'n v. American Tel. & Tel. Co.,* 365 F.Supp. 1105 (E.D.Penn.1973),

*aff'd,* 506 F.2d 735 (3rd Cir.1974). Thus, for example, a union may not bring an action on behalf of member employees.

In the instant case, Mr. Kjorlie named only OTR Drivers as the party plaintiff in the caption of the complaint. He attached as exhibit A to the complaint the "consents" signed by each individual employee. As the court explained in the July 31, 1991, Memorandum and Order, OTR Drivers is merely a descriptive term and has no capacity to sue under 29 U.S.C. § 216(b) as a representative on behalf of defendant's employees. Thus, in order to bring a suit under the FLSA, Mr. Kjorlie had to name each employee in the caption; merely incorporating them by reference to exhibit A was insufficient. Because OTR Drivers has no capacity to sue as a representative of defendant's employees, and no individual employees were named in the caption of the complaint, the court dismissed the complaint without prejudice.

Mr. Kjorlie submits that he researched the relevant jurisdictional requirements by examining the pleadings and consent forms from another FLSA action brought in this district, *Renfro v. City of Emporia,* No. 87–4038–R (D.Kan.1987), and reviewing various form books, notes, and practice aids. He contends that he patterned OTR Drivers' complaint and the individual employees' consents after those found in the *Renfro* file, which he characterizes as "basically identical." Defendant interprets Mr. Kjorlie's "factual statement" as an admission that he never reviewed the relevant portion of the FLSA: 29 U.S.C. § 216(b). Defendant mischaracterizes Mr. Kjorlie's explanation. Mr. Kjorlie neither states nor implies he failed to review 29 U.S.C. § 216(b) before signing and filing the complaint.

■ Although the court is persuaded Mr. Kjorlie inquired into the procedural and jurisdictional requirements prior to filing this action, it is clear that despite his inquiry he misapprehended these requirements. In-

---

**3.** Specifically, defendant contends that "the filing of plaintiffs' initial complaint was frivolous as a matter of law since there was never a proper plaintiff for the purposes of the [FLSA], or Rule 17(b) ..., and plaintiffs' position was not warranted by existing law or a good faith argument for the modification or reversal of existing law." Defendant's Memorandum in Support (Doc. 61), filed March 13, 1994, at p. 4.

**150**

deed, when dismissing this case the court wrote that "[b]y any view, OTR Drivers complaint is deficient." Memorandum and Order (Doc. 46), filed July 31, 1991, at p. 3. Defendant seizes on this deficiency and urges the court to find that no reasonable attorney would have submitted the complaint as captioned. As the test is one of objective reasonableness, the court must assess Mr. Kjorlie's behavior without regard to his subjective good faith. Even under an objective test, however, it is clear that simple error does not alone establish a violation of Fed.R.Civ.P. 11. *Temple,* 152 F.R.D. at 601. "By definition, every unsuccessful complaint, at some level of analysis, contains either a flawed argument or an unsupported allegation." *Burull v. First Nat. Bank of Minneapolis,* 831 F.2d 788, 789 (8th Cir.1987), *cert. denied,* 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988). As the Third Circuit has cautioned, "the target is abuse—the Rule must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute." *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3rd Cir.1987).

■ In *Miller v. Borough of Riegelsville,* 131 F.R.D. 90 (E.D.Pa.1990), plaintiff, the Chief of Police and sole law enforcement officer employed by defendant, brought an action under the FLSA to recover alleged unpaid overtime compensation. 131 F.R.D. at 91. Defendant moved to dismiss arguing as follows: (1) police departments with fewer than five members were exempt from the FLSA; (2) the FLSA was inapplicable to state and local governments until April 15, 1986; and (3) plaintiff was an official in a policymaking position and, therefore, exempt from the FLSA. *Id.* The district court dismissed finding that 29 U.S.C. § 213(b)(20) specifically and unequivocally exempted police departments with fewer than five members. *Id.* Defendant moved for sanctions under Fed.R.Civ.P. 11 arguing that if plaintiff's counsel had read 29 U.S.C. § 213(b)(20) he would have realized he was foreclosed from bringing the action. *Id.* at 93. The court denied defendant's motion finding that plaintiff's counsel's behavior was not so egregious as to warrant sanctions. *Id.*

In the instant case, Mr. Kjorlie brought an action in the name of a mere descriptive appellation with no standing to sue on behalf of defendant's employees under the FLSA. To the complaint, Mr. Kjorlie attached a list of "consents" signed by the individual employees on whose behalf the suit purportedly was brought. Although the court dismissed the complaint without prejudice, the court is persuaded the complaint was not frivolous. Despite the litany of conclusory allegations made by defendant in its memoranda, the record, and reasonable inferences drawn from the record, convince the court that Mr. Kjorlie conducted a reasonable inquiry into the relevant law prior to filing the complaint. Indeed, his inquiry caused him to gather "consents" from defendant's employees, which he attached to the complaint as exhibit A, in an attempt to adhere to the requirements of 29 U.S.C. § 216(b). His error was not that he ignored, or was unaware of, the requirements of the relevant statute, as defendant's contend, but that he failed to include the names of all those signing "consents" in the caption. Mr. Kjorlie's error was serious, but quickly remedied, and not so egregious as to result in sanctions.

## IV. CONCLUSION

"Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree." *O'Connell v. Champion Intern. Corp.,* 812 F.2d 393, 395 (8th Cir.1987). Although defendant's motion presents a close question, the court finds Mr. Kjorlie's conduct clears the bar of reasonableness, if just barely.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion for sanctions under Rule 11 (Doc. 60) is denied.