**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED FOOD & COMMERCIAL
WORKERS UNION, Local 1564 of
New Mexico,

     Plaintiff - Appellee,

v.

ALBERTSON'S, INC.,

     Defendant - Appellant.

No. 98-2267

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CIV-97-789-MV/LFG)**

Thomas L. Stahl (Edward Ricco with him on the briefs) of Rodey, Dickason,
Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for the appellant.

Shane C. Youtz of Youngdahl & Sadin, P.C., Albuquerque, New Mexico, for the
appellee.

Before **ANDERSON**, **HENRY** and **LUCERO**, Circuit Judges.

**LUCERO**, Circuit Judge.

     This case presents the question of whether a federal court has jurisdiction

to adjudicate a union's declaratory judgment claim, premised on the federal

question statute, 28 U.S.C. § 1331, and the Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, that a collective bargaining agreement contains terms that run afoul of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219. At the time this litigation was filed, federal jurisdiction was soundly based on § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as interpreted by this court in McNally Pittsburg, Inc. v. International Ass'n of Bridge, Structural & Ornamental Iron Workers, 812 F.2d 615, 617-19 (10th Cir. 1987). In the interim, however, the Court has handed down its decision in Textron Lycoming Reciprocating Engine Division, AVCO Corp. v. UAW, 523 U.S. 653, 118 S. Ct. 1626 (1998), holding that jurisdiction does not lie under § 301(a) for a declaratory judgment suit alleging the invalidity, but not a party's violation, of a collective bargaining agreement—clearly rejecting our prior interpretation of § 301(a) and eliminating that jurisdictional basis. Appellee now appears before us asserting a different jurisdictional basis, hoping to preserve its favorable decision below by relying on the argument that this case "arises under" the FLSA so as to permit federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the Declaratory Judgment Act. We reluctantly conclude that the FLSA's prohibition on injunctive and representative damages suits by unions, see 29 U.S.C. § 216(b), renders this argument unavailing. If the FLSA bars a labor organization from seeking legal and equitable relief thereunder on

- 2 -

behalf of its members, it necessarily follows that declaratory relief is likewise impermissible, and therefore the FLSA cannot furnish grounds for federal question jurisdiction and the case must be dismissed for lack of jurisdiction.

**I**

This case involves the collective bargaining agreement that applies to grocery clerks working at Albertson's stores in New Mexico. Because Albertson's sells alcoholic beverages, New Mexico's Alcohol Server Education Article of the Liquor Control Act ("ASEA"), N.M. Stat. Ann. § 60-6E-1 to -6E-12 (Michie 1978 & 1999 Supp.), requires that, in order for the company to continue to sell alcohol, it certify that all its employees selling alcohol have completed a state-approved alcohol server education program. See N.M. Stat. Ann. § 60-6E-4. Albertson's imposes as a condition of employment a requirement that employees complete this training, which takes about four to five hours, and must be renewed every five years. See N.M. Stat. Ann. § 60-6E-7. The company does not pay employees for the training time.

The United Food and Commercial Workers Union, Local 1564 of New Mexico ("UFCW") initiated arbitration, alleging that the training time was work covered by the collective bargaining agreement, and that the arbitrator should interpret the agreement in light of the FLSA. The arbitrator stated he had no

authority to interpret the FLSA and decided that the agreement does not cover ASEA training time.

In June 1997, the UFCW filed suit in district court, alleging that the agreement, as interpreted, was invalid because it conflicts with the FLSA.[1] According to its complaint, the agreement as interpreted violates the FLSA by denying employees compensation for hours that constitute "work" within the meaning of the statute. On cross-motions for summary judgment, the district court found it had jurisdiction over this controversy under the Declaratory Judgment Act and 28 U.S.C. § 1331, the general federal question statute. Following a bench trial, the district court held that the training was covered work under the FLSA, and therefore the agreement's (implied) term excluding training from covered work contravened the statute. It declared the term invalid and ordered the UFCW and Albertson's to renegotiate the offending provision. Albertson's now appeals.

## II

As an initial matter, we must determine whether federal jurisdiction is proper in this action. Although the district court concluded that jurisdiction "is proper where the real dispute revolves around whether the parties have a valid

---

[1] Before the district court, the UFCW also sued, unsuccessfully, to vacate the arbitrator's award on the grounds that it is in "manifest disregard for the law." The UFCW does not appeal this ruling.

collective bargaining agreement," United Food & Commercial Workers Union, Local 1564 v. Albertson's, Inc., No. CIV 98-0789 (D.N.M. July 23, 1998), mem. op. at 4 (citing Teamsters, Local 1872 v. New York State Teamsters Health & Hosp. Fund, 909 F. Supp. 102 (N.D.N.Y. 1995)), the issue of federal court jurisdiction over declaratory judgment suits alleging invalidity of collective bargaining agreements has become substantially more complicated since the Supreme Court's recent decision in Textron, 118 S. Ct. at 1626.

**A**

Section 301(a) of the LMRA provides, in relevant part, that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). In McNally Pittsburg, Inc., 812 F.2d at 619, we interpreted this provision broadly to confer jurisdiction on the federal courts over a declaratory judgment "complaint which address only the validity and not a violation of a collective bargaining agreement," id. at 617.

In Textron, 118 S. Ct. at 1629, however, the Supreme Court held, based on a dictionary definition analysis of the language of LMRA § 301(a), that "'[s]uits for violation of contracts' under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated." This holding overrules our decision in McNally Pittsburg, Inc., 812 F.2d at 617-19, wherein we held that

§ 301(a) provides for federal jurisdiction over a union's declaratory judgment action asserting only the invalidity of a collective bargaining agreement, but not a violation of that agreement by a party thereto.

The Textron Court also considered whether federal jurisdiction extends to the declaratory judgment aspect of a union's suit alleging that a collective bargaining agreement is invalid due to fraud. Assuming (albeit skeptically) without deciding that "a declaratory-judgment complaint raising a nonfederal defense [i.e. fraud] to an anticipated federal claim [i.e., breach of the collective bargaining agreement]—would confer § 1331 jurisdiction," 118 S. Ct. at 1630, the Court held that there was no federal jurisdiction because the union had demonstrated no case or controversy. See id. at 1631. The Court noted—and Justice Breyer's concurrence emphasized—that there was no allegation that a strike was imminent and the union faced suit for striking in violation of the collective bargaining agreement. See id.; see also id. at 1632-33 (Breyer, J., concurring). The Court specifically declined to reach the issue of the union's assertion that "there may well be jurisdiction over this case under 28 U.S.C. § 1331 as well as under § 301, since the case 'arises under' the federal common law of contract." Id. at 1628 n.1.

Therefore, because Textron has squarely overruled McNally Pittsburg, federal jurisdiction does not exist solely by virtue of the fact that this case

implicates a declaratory judgment suit challenging the validity of a federally regulated collective bargaining agreement. We must rather inquire whether § 1331, the general federal question statute, combined with the declaratory judgment posture of the case, permits federal jurisdiction over this case as one "arising under" federal law, namely the FLSA. The UFCW does not rely on the dubious "federal common law of contract" to establish jurisdiction under 28 U.S.C. § 1331; rather, it claims the case "arises under" the FLSA. Cf. International Union of Operating Eng'rs, Local 150 v. Rabine, 161 F.3d 427, 431 (7th Cir. 1998) (holding that there is "no general federal power over the law of contract") (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

Textron contemplated the possibility of federal jurisdiction in a case where a union files a declaratory judgment action seeking to raise a defense of invalidity based on federal law against an anticipated action by an employer for breach of contract. In a declaratory judgment posture, "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 16 (1983) (internal quotation and citation omitted). Under the Supreme Court's declaratory judgment jurisdiction cases, however the presumptive anticipated suit—a federal defense, FLSA invalidity, to a _federal_ claim that an anticipated strike will violate the

collective bargaining agreement—would appear to permit jurisdiction. See id. at 19 n.19. This is because federal jurisdiction would clearly exist over the employer's anticipated suit for violation of the labor agreement pursuant to 29 U.S.C. § 185(a). Despite this apparent basis for federal jurisdiction, the Court in Textron stringently applied the case or controversy requirement for standing, and concluded that federal jurisdiction would be lacking absent allegations of a threat to strike in violation of the collective bargaining agreement. See Textron, 118 S. Ct. at 1630-31. Such scenario would implicate a violation of a labor agreement and therefore could trigger jurisdiction under LMRA § 301(a); presumably a threatened strike, if sufficiently imminent, could also establish a federal case or controversy. See id. at 1632-33. In the case before us, however, as in Textron, the union makes no such allegation of an imminent strike or outstanding threat to strike. See id. at 1630-31. Therefore, although an anticipated defense of a claim of invalidity based on the FLSA might present a reviewable question of a federal defense to an anticipated § 301(a) suit by Albertson's, Textron compels us conclude that such a suit is too speculative to allow for § 301(a) jurisdiction absent a specific threat to strike.

**B**

Therefore, we come to the interesting question of whether the Declaratory Judgment Act can be applied to an anticipated cause of action "arising under" the

FLSA itself for purposes of 28 U.S.C. § 1331. This is the theory on which the district court relied. Because <u>Textron</u> renders a hypothetical FLSA defense to a suit by Albertson's too speculative a scenario to establish federal jurisdiction, we must determine whether the union itself, as plaintiff, may maintain a declaratory judgment suit based on the FLSA.

The Supreme Court has held that the "'operation of the Declaratory Judgment Act is procedural only.'" <u>Skelly Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671 (1950) (quoting <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 240 (1937)). "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." <u>Id.</u> As the Declaratory Judgment Act only operates to expand remedies and not jurisdiction, absent an anticipated suit by Albertson's against the UFCW, <u>see</u> <u>supra</u> Section II.A, the Act can confer jurisdiction on the federal courts over the UFCW's suit only if we courts would otherwise have jurisdiction over a coercive suit by the union, whether for damages or injunctive relief. <u>See Skelly Oil</u>, 339 U.S. at 671. This proposition requires us to examine whether the UFCW would have the right under the FLSA to bring such a coercive action. If the UFCW lacks the capacity to bring a coercive action under the FLSA, the Declaratory Judgment Act cannot confer that capacity upon it.

The UFCW contends that the "hypothetical coercive suit" for which their declaratory judgment action is proxy is a suit for injunctive relief stating that actions by Albertson's are illegal and unenforceable. The right, however, to sue for injunctive relief under the FLSA rests exclusively with the federal government. See 29 U.S.C. § 217. Section 217 provides for injunctive relief in federal court from employer acts prohibited by 29 U.S.C. § 215.[2] 29 U.S.C. § 211(a) further provides that "the Administrator[3] shall bring all actions under section 217 of this title to restrain violations of this chapter."[4] Courts have thus uniformly held that "the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor." Powell v. Florida, 132 F.3d 677, 678 (11th Cir. 1998) (collecting cases).[5]

---

[2] 29 U.S.C. § 215 enumerates acts prohibited by the FLSA.

[3] The term "Administrator" refers to an official of the United States Department of Labor Wage and Hour Division. See 29 U.S.C. § 204(a).

[4] Section 211 provides for two exceptions to this rule, neither one relevant here. First, § 211(b) allows the Administrator and Secretary to delegate responsibilities to state and local agencies and employees. Second, § 211(a) provides for an exception "as provided in section 212," the child labor section of the FLSA. Section 212(b), however, states that the Secretary, "subject to the direction and control of the Attorney General, shall bring all actions under section 217 of this title to enjoin any act or practice which is unlawful by reason of the existence of oppressive child labor."

[5] Although the right to sue for injunctive relief as such is restricted to the Secretary of Labor, other forms of equitable relief, "including without limitation employment, reinstatement, [and] promotion," 29 U.S.C. § 216(b), as well as

(continued...)

Because injunctive relief is thus unavailable to the UFCW under the circumstances of this case, the Declaratory Judgment Act can permit federal jurisdiction only if the union would otherwise have the right to bring a suit for damages on its members' behalf. We conclude it would not.

The courts that have considered this issue have generally held that unions lack standing to bring representative suits on behalf of their members under the FLSA. See Nevada Employees' Ass'n, Inc. v. Bryan, 916 F.2d 1384, 1392 (9th Cir. 1990); DeBraska v. City of Milwaukee, 11 F. Supp.2d 1020, 1022-24 (E.D. Wis. 1998), rev'd on other grounds, 189 F.3d 650 (7th Cir. 1999); OTR Drivers v. Frito-Lay, Inc., 160 F.R.D. 146, 149 (D. Kan. 1995); International Ass'n of Fire Fighters, Local 349 v. City of Rome, 682 F. Supp. 522, 533-34 (N.D. Ga. 1988); Arrington v. National Broad. Co., 531 F.Supp. 498, 500 (D.D.C. 1982); cf. National Org. for Women v. Sperry Rand Corp., 457 F. Supp. 1338, 1348-49 (D. Conn. 1978) ("due to the specific language of § 216(b), an organization may not bring an equal pay claim on behalf of its members"); EEOC v. A.T. & T. Co., 365 F. Supp. 1105, 1120-21 (E.D. Pa. 1973), modified, 506 F.2d 735 (3d Cir. 1974). But cf. American Fed. of State County & Mun. Employees, AFL-CIO Local 935

---

⁵(...continued)
damages, are available to employees as remedies for violations of the anti-discrimination provision of the FLSA, 29 U.S.C. § 215(a)(3)—a provision not at issue in this case.

v. Colorado, 2 Wage & Hour Cas.2d (BNA) 799, 1994 WL 739417, at *1 (D. Colo. Aug. 10, 1994) (holding that a union may be a proper plaintiff under 29 U.S.C. § 207(o)) (hereinafter AFSCME v. Colorado); International Ass'n of Fire Fighters, Local 2203 v. West Adams County Fire Protection Dist., 28 Wage & Hour Cas. (BNA) 981, 1988 WL 235929, at *1-2 (D. Colo. March 18, 1988) (holding that a union alleging violations of 29 U.S.C. § 207(o) has standing to assert a claim for declaratory relief under 29 U.S.C. § 216(b)), aff'd, 877 F.2d 814 (10th Cir. 1989).  Considering, however, the contrary district court decision in International Ass'n of Fire Fighters, Local 2203, 1988 WL 235929, at *1-2, and the Tenth Circuit's affirmance of that judgment, see 877 F.2d at 814, we must determine whether Tenth Circuit precedent compels our result.   In Section II.C, we conclude it does not, and therefore in Section II.D we analyze the statute to assess whether Congress intended to allow a union to bring a representative declaratory action of the sort at issue here.

## C

We now consider whether this Circuit's decision in International Ass'n of Fire Fighters, Local 2203, 877 F.2d 814, decided whether a union may sue for declaratory relief under the FLSA, because, of course, only the en banc court can overrule the judgment of a prior panel.  See In re Smith, 10 F.3d 723, 724 (10th Cir. 1993).  International Ass'n of Fire Fighters, Local 2203, 1988 WL 235929, at

*1-2, involved a suit by a public employees' union alleging violation of 29 U.S.C. § 207(o). Section 207(o), limited to public agencies, allows such agencies to provide employees compensatory time in lieu of overtime compensation under certain circumstances, including the "applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees." 29 U.S.C. § 207(o)(2)(A)(i). In International Ass'n of Fire Fighters, Local 2203, the district court held that § 216(b), which provides that "[a]n action to recover the liability prescribed [for violations of the minimum wage, maximum hours, and anti-discrimination provisions of the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," is limited to claims for money damages, and therefore "does not expressly limit the rights of a labor organization to seek declaratory relief." International Ass'n of Fire Fighters, Local 2203, 1988 WL 235929 at *2. Based on this lack of an explicit limitation on unions' standing to sue for declaratory relief, the district court concluded that

> [a] labor organization generally has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, when the interests it seeks to protect are germane to the organization's purpose and when neither the claim asserted nor the relief requested requires participation of individual members in the suit.

Id. (citing UAW v. Brock, 477 U.S. 274, 281-82 (1986)). The district court did not consider the issue of whether declaratory relief is proper for a labor organization, even absent an explicit prohibition on such relief, without some other authority enabling the organization to seek legal or equitable relief. See id. Finding the test for associational standing met, particularly considering the specific reference to a "representative" in the compensatory time provisions of 29 U.S.C. § 207(o), the district court proceeded to consider the merits of the plaintiff union's claim. See id.

On appeal, this Circuit affirmed the judgment of the district court. See International Ass'n of Fire Fighters, Local 2203, 877 F.2d at 822. However, that decision contains no mention of the standing issue ruled upon by the district, and its rationale was limited to a discussion of the merits of the compensatory time issues. See id. While preservation of uniform decision making within the Circuit requires that we not overrule the judgment of a previous panel, see Ute Indian Tribe v. Utah, 114 F.3d 1513, 1525 (10th Cir. 1997), we must consider whether that rule applies to an issue decided only implicitly by a previous panel.

The First Circuit has described "[t]he essential principles of stare decisis" as including, in part, the following: "'(1) an issue of law must have been heard and decided,' 1B Moore's Federal Practice ¶ 0.402[2], p. 30; (2) if 'an issue is not argued, or though argued is ignored by the court, or is reserved, the decision does

- 14 -

not constitute a precedent to be followed, id. at 37." EEOC v. Trabucco, 791 F.2d 1, 4 (1st Cir. 1986); see also 18 James Wm. Moore et al., Moore's Federal Practice § 134.04[2] (3d ed. 1999). "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." Webster v. Fall, 266 U.S. 507, 511 (1925) (citations omitted); cf. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119 (1984) (holding that when "questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us") (quoting Hagans v. Lavine, 415 U.S. 528, 533 n.5 (1974)) (footnote omitted). Although an implicit finding of organizational standing is necessary to the outcome of the court's decision in International Ass'n of Fire Fighters, Local 2203, 877 F.2d at 816-820, the jurisdictional issue of standing is nowhere therein explicitly addressed. See DeBraska, 22 F. Supp.2d at 1024 (concluding that cases where courts allowed public sector unions to participate as FLSA plaintiffs, absent any objection by defendant, are not authoritative on the question of whether 29 U.S.C. § 216(b) prohibits unions from being FLSA plaintiffs). But cf. AFSCME v. Colorado, 1994 WL 739417, at *1 (stating that "[i]n International Ass'n of Fire Fighters, Local 2203 v. West Adams Cty. Fire Protection Dist., 877 F.2d 814 (10th Cir. 1989), the Tenth Circuit Court

- 15 -

of Appeals allowed a union to be a party plaintiff in an action brought pursuant to § 207(o)"). "In order for a decision to be given stare decisis effect with respect to a particular issue, that issue must have been actually decided by the court." 18 Moore's Federal Practice § 134.04[5] (citing Bowling v. Pfizer, Inc., 132 F.3d 1147, 1150 (6th Cir. 1998)). Therefore, under our rule of deference to prior panel decisions, there is no holding on this particular jurisdictional issue to which we must defer, and we confront the jurisdictional question of organizational standing to sue for declaratory relief under the FLSA as a matter of first impression in this Circuit. Cf. Pennhurst State Sch. & Hosp., 465 U.S. at 119.

**D**

The FLSA provides, in relevant part, as follows:

> An action to recover the liability prescribed [for violations of the minimum wage, maximum hours, and anti-discrimination provisions of the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The wording of this provision suggests that standing to pursue an action for liability is statutorily limited to employees only. This reading is also supported by the requirement that no employee be a party plaintiff absent written consent. The consent provision suggests at the very least that a

- 16 -

labor organization could not bring a damages action on behalf of its members absent unanimous written consent. There is no record of such unanimous written consent in this case. The more straightforward reading of the provision is, however, that organizations, as opposed to groups of individual consenting employees, cannot be plaintiffs to damages actions under § 216(b), consent or no. Therefore, the Declaratory Judgment Act is inapplicable to this case, because that statute cannot confer standing to sue on a party otherwise expressly prohibited from seeking both damages and injunctive relief. See Skelly Oil, 339 U.S. at 671-72.

Court interpretation and legislative history add support to this reading of § 216(b). The provisions of § 216(b) at issue here are derived in substantial part from the Portal-to-Portal Act of 1947, pt. IV, sec. 5, 61 Stat. 84, 87 (1947). "In 1947, Congress amended the FLSA to limit the parties who could bring suit under the FLSA in the Portal-to-Portal amendments." Bryan, 916 F.2d at 1391 (citing 61 Stat. at 87). The courts first addressed in detail the impact of those amendments on union standing under the FLSA in Arrington, 531 F. Supp. at 500-03. The district court in Arrington conducted an exhaustive survey of the legislative history of the 1947 amendments, see id. at 500-02, and concluded that Congress's purpose in adding language to 29 U.S.C. § 216(b) specifying that an "[a]ction to recover such liability may be maintained . . . by any one or more

employees for and in behalf of himself or themselves and other employees similarly situated," was to ban representative actions, including union actions, under the FLSA, see id. at 501. The ban was aimed at "prevent[ing] large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit," id., and also "at a fear that unions, as representatives, were concretely benefitting from participation in these suits," id. at 502 n.8 (citing 93 Cong. Rec. 2092-96 (1947)). Although the Arrington court interpreted the representative action ban relatively narrowly as "limited solely to prohibiting actual representation by a union," id. at 503, and noted the enactment's possibly obsolete purpose of addressing a particular historical "emergency" in the form of a "flood" of FLSA suits, id. at 500, it nevertheless found Congress's intent to bar representative suits quite clear.

The conclusion of the Arrington court has since been embraced by all courts confronting the issue in published opinions, save for the United States District Court for the District of Colorado. "Many courts have interpreted the legislative history of the Portal-to-Portal Act of 1947, and the explicit language of § 216(b), to preclude a union, as a representative of its members, from suing an employer under the FLSA." DeBraska, 11 F. Supp.2d at 1023 (citing Bryan, 916 F.2d at 1390-92; OTR Drivers, 160 F.R.D. at 149; AFSCME v. Virginia, Nos. 94-

097-A et al., 1995 WL 913191, at \*4 (W.D. Va. July 10, 1995); <u>AFSCME v.</u> <u>Moore</u>, No. 91-0638-CV-W-2, 1992 WL 118742, at \*1 (W.D. Mo. Feb. 10, 1992); <u>International Ass'n of Fire Fighters, Local 349</u>, 682 F. Supp. at 533-34; <u>Arrington</u>, 531 F.Supp. at 501; <u>AT&T</u>, 365 F. Supp. at 1120-21). But see <u>International Ass'n of Fire Fighters, Local 2203</u>, 1988 WL 235929 at \*2 ("[Section 216] does not expressly limit the rights of a labor organization to seek declaratory relief."). In <u>DeBraska</u>, 11 F. Supp.2d at 1024, the United States District Court for the Eastern District of Wisconsin specifically examined the case of <u>AFSCME v. Colorado</u>, 1994 WL 739417, at \*1. <u>AFSCME</u> followed the district court opinion in <u>International Ass'n of Fire Fighters, Local 2203</u>, 1988 WL 235929, at \*2, holding that a public sector union can sue for a declaratory judgments that an employer has violated 29 U.S.C. § 207(o). The <u>DeBraska</u> court, 11 F. Supp.2d at 1024, accurately noted that the <u>AFSCME v. Colorado</u> decision relied inexplicably on <u>Bryan</u>, 916 F.2d 1384—a case which explicitly holds the contrary proposition, that 29 U.S.C. § 216(b) affirmatively bars a union from bringing a representative action under that statute. See <u>Bryan</u>, 916 F.2d at 1392. This is apart from the distinction that both <u>AFSCME v. Colorado</u> and <u>International Ass'n of Fire Fighters, Local 2203</u> implicate § 207(o), which, by contrast to all the other wage and hour provisions of the FLSA, expressly

- 19 -

provides for a specific role for public sector collective bargaining representatives in determining FLSA rights under that subsection.

Given the overwhelming support in the case law for the conclusion that Congress intended § 216(b) to prohibit labor organizations from suing on behalf of their members for damages under the FLSA, we conclude that the Declaratory Judgment Act cannot be used to avoid § 216(b)'s ban on representative actions in the present context.[6]  If under the FLSA only the government can sue for injunctive relief from wage and hour violations under 29 U.S.C. §§ 206-207, and only employees can sue for damages for violations of those sections, this comprehensive statutory scheme does not leave a loophole for organizations to sue for declaratory relief.

There are several issues our holding does not address.  This is not a question of Article III standing.  The union's representative might or might not qualify as a case or controversy under the general constitutional law of organizational standing.  See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc. , No. 98-822, 2000 WL 16307 (U.S. Jan. 12, 2000);      Lujan v. National Wildlife Fed., 497 U.S. 871 (1990); United States v. SCRAP, 412 U.S.

---

[6]  Because the issue is not before us, we do not resolve the question of whether 29 U.S.C. § 207(o), which expressly provides for the role of unions in implementing its public employee compensatory time provisions, might create a limited exception to the representative action bar and require a different result in actions alleging a violation of that subsection.

669 (1973). The question, however, of organizational standing generally is irrelevant in light of the specific statutory bar on representative actions under the FLSA. See Bryan, 916 F.2d at 1392. Moreover, as the Bryan court noted, "even if individual members of [the union] have standing to bring suit under the FLSA, the individual members cannot proceed unless they file a form of consent with the district court." Id. Nevertheless, the statutory bar is just as effective in depriving the federal courts of jurisdiction over this issue.

In addition, our decision today is limited to the effect of the specific prohibition on representative actions in 29 U.S.C. § 216(b). We express no opinion on whether jurisdiction would be proper under 28 U.S.C. § 1331 over a suit alleging the invalidity of a collective bargaining agreement based on some other violation of federal law. See Textron, 118 S. Ct. at 1628 n.1. Our decision on jurisdiction also leaves open the substantive question of whether the collective bargaining agreement, as interpreted by the arbitrator, illegally excludes from its definition of "work" labor covered by the FLSA. See Brooks v. Village of Ridgefield Park, 185 F.3d 130, 136 (3d Cir. 1999)("The nonwaivable nature of the provisions of the FLSA is well-settled, even if obtained by negotiations for a collective bargaining agreement.") (citing Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740-41 (1981)) .

We recognize that this result leaves the UFCW in the difficult position of

being without a remedy in federal court for a collective bargaining agreement that, as interpreted, allegedly violates federal law. Yet employees, individually or collectively, are free to seek relief, including liquidated damages, under 29 U.S.C. § 216(b), and the FLSA does not bar the union from providing organizational and even financial support to the legal efforts of its member employees. See Arrington, 531 F. Supp. at 502-03 & n.11. Because Textron altered this Circuit's prior law to strictly limit LMRA § 301(a) jurisdiction to suits alleging the violation and not solely the invalidity of labor agreements, and because Congress was clear in its intent to foreclose suits by labor organizations under the FLSA, the federal courts are powerless to grant the UFCW the relief it seeks.

## III

The UFCW alleges no violation of a collective bargaining agreement so as to confer jurisdiction under LMRA § 301(a), 29 U.S.C. § 185(a). Furthermore, because 29 U.S.C. § 216(b) provides that the union is not a proper party to sue for relief under the FLSA, 28 U.S.C. § 1331 cannot confer jurisdiction on its complaint as "arising under" the FLSA. Therefore, the district court's denial of Albertson's motion to dismiss for lack of subject matter jurisdiction is **REVERSED** and the judgment of the district court is **VACATED** and **REMANDED** with instructions to dismiss.