**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 12, 2005**

**FOR THE TENTH CIRCUIT**

ALLEN RUSSELL, and family
members and a class of similarly
situated, minority status individuals,
who have been wronged by the
defendants' enforcement of illegal,
deceptive and unconscinable (sic)
lending contracts (involving the
practice of criminal usury),

        Plaintiff,

    and

JAMES BAILEY,

        Plaintiff-Appellant,

  v.

FINANCIAL CAPITAL EQUITIES,
and liable officers, owners and
employees thereof, including Jack
Silver and Thomas M. Lutes; AAA
FINANCIAL SERVICES; LEONARD
SMITH; JIMMY EWINGS;
FINANCIAL CAPITAL
COMPANIES; FINANCIAL
CAPITAL MORTGAGE, INC.; JACK
SILVER; THOMAS M. LUTES,

        Defendants-Appellees.

No.  04-1220
(D.C. No. 03-MK-1568)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH, PORFILIO**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se appeal from a district court order that dismissed appellant James Bailey's claims for lack of standing. We have jurisdiction under 28 U.S.C. § 1291 and conclude that the district court did not err.

## BACKGROUND

In April 2002, Allen Russell borrowed $353,500 from appellee Financial Capital Equities, Inc. (FCE) to remodel and refurbish his 7,000 square foot building comprising retail space, studio apartments, and a loft. Russell secured the loan with a deed of trust on the real property and executed an affidavit stating that the loan was for commercial purposes. In May 2003, Russell borrowed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

$460,000 from appellee Financial Capital Mortgage, Inc. (FCM) to pay off the first loan, which had fallen into default. This loan was also secured by the real property and accompanied by Russell's affidavit stating that the loan was for remodeling and refurbishing the property for commercial purposes. Russell defaulted and FCM initiated foreclosure proceedings.

In August 2003, Russell filed a pro se complaint against FCE, FCM, and the other appellees, alleging violations of the Federal Truth in Lending Act (TLA), 15 U.S.C. §§ 1601-1667f, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o, the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and various state and common laws. Russell purported to represent himself, unidentified family members, and a class of "additional '[c]onsumer(s).'" Compl. at 2 (Doc. #1). The district court directed Russell to get an attorney for the putative class members, to identify the family members, and to have the family members sign the pleadings and represent their own interests. In February 2004, Russell filed a pro se amendment to the complaint, identifying his cousin, appellant James Bailey, as "a business partner . . . [having] an inherent and instilled interest in the property at issue." Amend. to Compl. at 2 (Doc. #43).

On May 20, 2004, the district court dismissed whatever claims involved Mr. Bailey, reasoning sua sponte that he lacked standing:

> Because the Plaintiffs' claims in this case entail allegedly unlawful conduct relating to the loans made by the FC Defendants, only borrowers or guarantors on those loans have suffered any injury. All of the loan documents attached to the Complaint . . . bear only the signature of Plaintiff Allen Russell . . . . There is no indication in any pleading or filing that any other Plaintiff is a borrower or guarantor on the loans. Although . . . James Bailey claim[s] in the Amended Complaint to have an unspecified "interest in the property" securing the loan, [James Bailey does not] . . . claim[ ] to be a party to the loan transactions that underlie the claims. Accordingly, only Plaintiff Allen Russell . . . has sustained any alleged injury by virtue of the allegedly unlawful loans, and the claims of all other individual Plaintiffs are dismissed for lack of standing.

Order Granting, in Part, Motions to Dismiss at 8-9 (footnote omitted) (Doc. #63).[1]

Mr. Bailey appeals, seeking leave to proceed in forma pauperis.

### DISCUSSION

Article III, § 2 of the United States Constitution restricts federal courts to deciding "Cases" and "Controversies," thereby imposing what has become known as the "irreducible constitutional minimum of standing," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing has the following elements: (1) "the invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "a

---

[1]     The district court also dismissed Russell's federal claims, except for the TLA claim, which was referred to an evidentiary hearing to determine whether the loans were commercial. After considering evidence on the issue, the district court found the loans to have been for commercial purposes and dismissed the TLA claim. The court then declined to retain supplemental jurisdiction over the remaining non-federal claims. Those rulings are not before this court.

-4-

causal relationship between the injury and the challenged conduct"; and (3) "a likelihood that the injury will be redressed by a favorable decision." *Board of County Comm'rs v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002) (quotation marks omitted).  If any one element of the standing equation is missing, there is no case or controversy over which the district court can exercise subject matter jurisdiction.  *See Lujan*, 504 U.S. at 561 (stating that "each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof").  "[A] court must raise the standing issue sua sponte, if necessary, in order to determine if it has jurisdiction." *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1166 (10th Cir. 1996).

We employ a de novo standard of review for questions of standing.  *San Juan County v. United States*, 420 F.3d 1197, 1203 (10th Cir. 2005).

Mr. Bailey argues that he had standing because he sought declaratory relief as Russell's "business partner . . . with an ownership interest in the property." Aplt.'s Opening Br. at 5.  But a demand for declaratory relief does not by itself confer standing.  *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *United Food & Commercial Workers Union v. Albertson's*, 207 F.3d 1193, 1197 (10th Cir. 2000).  Mr. Bailey must still present an "actual controversy," 28 U.S.C. § 2201(a) (Declaratory Judgment Act), in furtherance of Article III.  *See Altvater v. Freeman*, 319 U.S. 359, 363 (1943) ("The

-5-

requirements of case or controversy are of course no less strict under the Declaratory Judgment Act, than in case of other suits.") (internal citation omitted); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937) (stating that the Declaratory Judgment Act "manifestly has regard to [Article III] and is operative only in respect to controversies which are such in the constitutional sense"); *see also Calderon v. Ashmus*, 523 U.S. 740, 745-47 (1998) (observing the potential for declaratory relief actions to fall outside Article III's limits).

The complaint here identifies a case or controversy only as to whether the loans appellees made to Russell violated federal law. Nothing about Mr. Bailey's "interest in the property" reveals a concrete and particularized interest in Russell's acquisition of debt. Indeed, Mr. Bailey appears to have acquired his interest after the loans were issued. Consequently, he lacked standing to sue the appellees.

Mr. Bailey also argues that the district court's dismissal violated due process because he was prevented from obtaining a declaratory judgment. It is axiomatic, however, that a person has no due process right to a judgment when he lacks standing to sue. *See generally Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1195 (10th Cir. 1999) (observing that a Fifth Amendment due process claim requires the deprivation of a protected interest without the proper level of process).

Because Mr. Bailey has not presented a reasoned, nonfrivolous argument on appeal, we DENY his motion for in forma pauperis status and we DISMISS this appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Bailey's motion for reconsideration of our June 3, 2004 order denying a stay is DENIED. Appellees' motions to dismiss are DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge