# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3202

_____

In Re: W. Farrell McGinnis;      *
       Susan J. McGinnis,      *
       *

       Debtors.      *

------------------------------------------------ *

W. Farrell McGinnis; Susan J.      *    Appeal from the United States
McGinnis,      *    District Court for the
       *    Western District of Missouri.

       Debtors - Appellants,      *

       *    **[TO BE PUBLISHED]**

       v.      *

       *

Jenkins & Associates, Inc.; Building      *
Construction Enterprises, Inc.; DiCarlo   *
Construction Company; Ferguson      *
Enterprises, Inc.; J.R. Electrical Supply, *
       *

       Creditors - Appellees.      *

_____

Submitted: April 19, 2002

Filed: July 26, 2002

_____

Before WOLLMAN, BEAM and LOKEN, Circuit Judges.

_____

PER CURIAM.

The Bankruptcy Code provides that an involuntary Chapter 7 proceeding may be commenced by "three or more entities, each of which is . . . a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute." 11 U.S.C. § 303(b)(1). In this case, general contractors Jenkins & Associates, Inc., Building Construction Enterprises, Inc., and DiCarlo Construction Company ("DiCarlo") filed involuntary petitions against Farrell and Susan McGinnis (collectively, "Debtors"), who had served as an electrical subcontractor on various construction projects doing business as McGinnis Electric. Subsequently, two McGinnis Electric vendors, Ferguson Enterprises, Inc. ("Ferguson"), and J.R. Electrical Supply ("J.R."), filed joinder involuntary petitions, as authorized by 11 U.S.C. § 303(c). Debtors contested the involuntary proceeding, asserting that the petitions were improperly served and that each claim is "the subject of a bona fide dispute." After a trial, the bankruptcy court[1] sustained the petitions of DiCarlo, Ferguson, and J.R. and entered an order for Chapter 7 relief. On appeal, the district court[2] affirmed. Debtors appeal the district court's order to this court. We affirm.

The most difficult issue raised by this appeal is one not addressed in Debtors' lengthy briefs -- whether a Chapter 7 order for relief is a final order for purposes of our jurisdiction under 28 U.S.C. § 158(d). After ordering Chapter 7 relief, the bankruptcy court's order provides that "Schedules, Statements and Mailing Matrix are due within 15 days of the date of this Order." Clearly, the order is not final in the conventional sense of that concept because substantial further proceedings are contemplated before the Chapter 7 proceeding comes to an end. However, finality in bankruptcy cases is a flexible concept. In the one case we have found discussing this issue in detail, the Ninth Circuit analyzed the Chapter 7 order for relief both

[1]The HONORABLE JERRY W. VENTERS, United States Bankruptcy Judge for the Western District of Missouri.

[2]The HONORABLE DEAN WHIPPLE, Chief Judge of the United States District Court for the Western District of Missouri.

procedurally and from the standpoint of its practical impact and concluded it should be appealable under § 158(d) because it is a final adjudication of the debtor's bankruptcy status that subjects the debtor's assets to involuntary liquidation. In re Mason, 709 F.2d 1313, 1315-18 (9th Cir. 1983). We agree with the Ninth Circuit's analysis of the issue. Focusing on the practical aspect of the analysis, this case may be distinguishable from Mason because Debtors have filed a competing voluntary petition in the United States Bankruptcy Court for the District of Kansas. But appellees have the burden to present facts needed to challenge jurisdiction, and they have not done so. Accordingly, applying the analysis in Mason, we conclude we have jurisdiction over the appeal.

Turning to the merits, Debtors argue the bankruptcy court erred in finding the DiCarlo claim not subject to a bona fide dispute because the court improperly drew an adverse inference from Debtors' failing to call a DiCarlo employee to support their contrary assertion. We reject this contention for the reasons stated by the bankruptcy court and the district court, who properly applied the burden-shifting analysis for determining the existence of a bona fide dispute adopted by this court in In re Rimell, 946 F.2d 1363, 1365-66 (8th Cir. 1991). Debtors next argue the bankruptcy court erred in admitting without proper foundation invoices from J.R. to McGinnis Electric as evidence of the amount Debtors owed J.R. on account. Like the district court, we find no abuse of discretion in the bankruptcy court's evidentiary ruling.

Debtors next argue the bankruptcy court erred in weighing the testimony and making findings of fact to determine whether the claims of DiCarlo, J.R., and Ferguson were the subject of bona fide disputes, rather than resolving the issue applying summary judgment standards, which would require the court to accept as true Farrell McGinnis's testimony as to the existence of bona fide disputes. The district court did not discuss this issue. Assuming it was properly preserved for appeal, it is without merit. See 11 U.S.C. § 303(h) (order for relief to be entered "after trial"); In re Rimell, 946 F.2d at 1365 (bankruptcy court's determination "is a

factual finding that may be overturned on appeal only if it is clearly erroneous"); Bankruptcy Rule 1018 (incorporating Bankruptcy Rule 7052).

Finally, Debtors argue the bankruptcy court erred in treating Ferguson and J.R. as qualifying creditors because their joinder involuntary petitions were served upon Debtors' attorney, not on Debtors personally. We agree with the district court's analysis of this issue, which concluded that a late-joining petitioner, like a party seeking to intervene under Rule 24 of the Federal Rules of Civil Procedure, may serve its initial pleading on a debtor's attorney.

The order of the district court affirming the judgment of the bankruptcy court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.