### In re SAWILOWSKY.

(District Court, S. D. Florida.   October 17, 1922.)

#### No. 2366.

Bankruptcy ⊜143(1)—Title to trade-name under which bankrupt conducted business passed to trustee.

Under Bankruptcy Act, § 70(5), being Comp. St. § 9654, providing that property, which, prior to the filing of the petition, bankrupt could by any means have transferred shall pass to trustee, trustee secured title to the trade-name under which bankrupt conducted his business.

In Bankruptcy. In the matter of the bankruptcy of Samuel Sawilowsky, trading as the Children's Bootery. On petition of bankrupt

and others, a rule to show cause why a bill of sale issued to Thomas C. Sutker should not be delivered up for correction was obtained. Rule discharged.

Sabel & Reinstine, of Jacksonville, Fla., for petitioner.
Johnson & McIlvaine, of Jacksonville, Fla., for respondent.
Marks, Marks & Holt, of Jacksonville, Fla., for trustee.

CALL, District Judge. On October 5th a rule was issued on the petition of Samuel Sawilowsky, Jacob L. Jacobs, and Myam Joel upon Thomas C. Sutker to show cause why the bill of sale theretofore issued to him by the trustee in bankruptcy should not be delivered up for correction in the description of the property conveyed. To this rule the respondent, the purchaser of the bankrupt assets at the trustee's sale, filed a motion to dismiss the rule and also a return to the rule. The trustee at the hearing applied to be made a party, and, upon the application being allowed, filed a similar motion and return.

The facts may be succinctly stated as follows: Samuel Sawilowsky, doing business as Children's Bootery, was adjudicated a bankrupt, and upon a meeting of creditors a resolution was passed authorizing a sale of the assets at public or private sale, to be approved by the referee. Subsequently an order was passed by the referee that the trustee sell the stock of merchandise and fixtures at public outcry. Pursuant to this order the trustee advertised the sale at public outcry, the entire stock of ladies', misses', and children's shoes, hosiery, findings, and store fixtures of Samuel Sawilowsky, trading as Children's Bootery. Upon the sale being had, Thomas C. Sutker was the highest bidder, and the sale was confirmed by the referee, and a bill of sale executed by the trustee in which the stock of goods, fixtures, the good will, and trade-name was transferred to the purchaser.

There were a number of questions raised at the hearing: Whether the parties had a standing in this cause to bring this proceeding; whether in this proceeding the question could be adjudicated, etc. These various questions it does not seem to me are necessary to be adjudicated here except in so far as the right of the bankrupt to proceed in this manner. The decision of that question depends on whether the trade-name passed to the trustee. If the trade-name passed to the trustee, then it seems to me that the bankrupt has no standing to complain of the description of the property in the bill of sale. The creditors might do so, but under the Bankruptcy Act (Comp. St. §§ 9585–9656) the bankrupt was divested of all property by the adjudication. Bankruptcy Act, § 70(5), being Comp. St. § 9654, provides:

"Property which prior to the filing of the petition he could by any means have transferred."

Unquestionably it seems to me that the name "Children's Bootery," under which name the business was conducted, could have been transferred by the bankrupt, and therefore it passed to the trustee, and this bankrupt has no interest in the question. In so far as the other petitioners are concerned, if they have any interest, it must be established by a plenary suit, and they have no standing in this proceeding.

Again, it seems to me that, if these parties could maintain a proceeding to reform the bill of sale, they should have appeared before the referee and contested the confirmation, and not have waited until after confirmation and proceeded by a rule to show cause.

An order will be entered, discharging the rule, at the cost of petitioners.