In re Robert J. MASON, Debtor.

Robert J. MASON, Appellant,

v.

INTEGRITY INSURANCE COMPANY and Sherwood & Roberts, Inc., Appellees.

No. 82–5312.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1983.

Decided July 6, 1983.

Robert J. Mason, in pro. per.

Kirstina Pickering, Lionel, Sawyer & Collins, Reno, Nev., for appellees.

Before ANDERSON, SKOPIL, and NORRIS, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

. Mason appeals from the denial of his motion to vacate an order for relief entered on an involuntary petition under the 1978 Bankruptcy Reform Act, 11 U.S.C. § 101, *et seq.* The bankruptcy court held that Mason waived his right to object to the order for relief. *In re Mason,* 12 B.R. 316 (Bkrtcy.D. Nev.1981). Mason appealed to a Ninth Circuit Bankruptcy Appellate Panel which affirmed. 20 B.R. 650 (Bkrtcy.App. 9th Cir. 1982). We conclude that we have jurisdiction over this appeal and agree that the bankruptcy court properly denied Mason's motion to vacate.

## I. BACKGROUND

On June 30, 1980, the appellees, Integrity Insurance and Sherwood & Roberts, filed a petition under 11 U.S.C. § 303 to begin involuntary bankruptcy proceedings against Mason. Mason did not respond to the petition and the bankruptcy court entered an order for relief on August 25, 1980. Mason states that he did not respond to the petition because he believed the bankruptcy court did not have jurisdiction, only two creditors having commenced the case instead of three as required by 11 U.S.C. § 303(b)(1) and (2). On this ground he moved to vacate the order. The bankruptcy court denied the motion, finding that this "jurisdictional" defect could be waived

if not specifically objected to prior to the entry of the order for relief. The court also found that Mason's failure to show that another creditor would not join the petition if the order were vacated precluded relief. The bankruptcy panel affirmed for the same reasons.

Two questions are presented by the appeal to this court. Is an order for relief, and concomitantly, a denial of a motion to vacate such an order, "final" and appealable as of right to the court of appeals? If so, did Mason fail to adduce sufficient grounds to support his motion to vacate?

## II. DISCUSSION

### A. *Jurisdiction*

Appellees contend that we lack jurisdiction over Mason's appeal. This argument has substantial merit, but, in the end analysis, we disagree.

■ The court of appeals has jurisdiction only over *final* orders, judgments or decrees of the bankruptcy courts, whether these orders are first reviewed by a district court or, as in the Ninth Circuit, a bankruptcy appellate panel. *In re Rubin,* 693 F.2d 73, 76–77 (9th Cir.1982). Interlocutory orders are not appealable as of right. They may be reviewed at the discretion of the district courts, 28 U.S.C. § 1334(b), and bankruptcy panels, 28 U.S.C. § 1482(b), but they are not appealable to the courts of appeals under 28 U.S.C. § 1293. *Id.*[1]

The jurisdictional question, then, is a simple one: is the denial of a motion to vacate an order for relief a final order, or is it interlocutory? The question is simple, but the answer is not so easily contrived. Apparently, no other court has directly decided the question. The Seventh and Second Circuits have accepted appeals from district court review of the grant of an order for relief on an involuntary petition, but they did so without discussion of the jurisdictional issue. *In re Covey,* 650 F.2d 877 (7th

Cir.1981); *In re B.D. International Discount Corp.,* 701 F.2d 1071 (2d Cir.1983).

■ The answer must be found by analyzing the nature of an order for relief, notwithstanding that the order actually on appeal is one denying a motion to vacate the order for relief. In the bankruptcy area a motion to vacate is treated in substantially the same manner as motions made under Fed.R.Civ.P. 60(b). *See* Fed.R. Bankr.P. 924; *In re Magouirk,* 693 F.2d 948, 950–951 (9th Cir.1982). Orders denying relief on Rule 60(b) motions are generally considered to be final and appealable. J. Moore, B. Ward and J. Lucas, 9 *Moore's Federal Practice* ¶ 110.14[2] (2d ed. 1983). We think it self-evident, however, that the finality of such orders derives from the finality of the underlying judgment upon which such relief is sought. While it is true that our review will be of the denial of the motion to vacate, *id.,* our jurisdiction must be predicated on the nature of the "judgment," in this case the order for relief.

An order for relief is the equivalent of an "adjudication" under the Bankruptcy Act of 1898. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 31 (1978) and H.Rep. No. 595, 95th Cong., 1st Sess. 321 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787. An adjudication was appealable as of right under § 24 of the 1898 Bankruptcy Act. But, being a "proceeding in bankruptcy," *Taylor v. Voss,* 271 U.S. 176, 181–182, 46 S.Ct. 461, 463–464, 70 L.Ed. 889, 892 (1926), it fell within that class of orders which were appealable whether they were considered interlocutory or not. *See In re Brissette,* 561 F.2d 779, 781 (9th Cir.1977); *see also Diamond Door Co. v. Lane-Stanton Lumber Co.,* 505 F.2d 1199, 1202 n. 4 (9th Cir.1974).

■ No cases have been found which classify an adjudication as final or interlocutory. An adjudication, and concomitantly an order for relief, is, however, a judgment *in rem,* a conclusive determination of the debtor's status in bankruptcy, and *res judi-*

1. Although 28 U.S.C. §§ 1334, 1482, and 1293 do not go into effect until April 1, 1984, Congress has provided that during the interim period the appellate jurisdiction of the courts will be the same as that provided for in these statutes. Pub.L. 95–598, Title IV, § 405(c)(2), 92 Stat. 2685 (1978); *see Rubin,* 693 F.2d at 75 n. 1.

**1316**

*cata* between the actual parties to the proceeding to all the facts and subsidiary questions of law on which it is based. *Gratiot County State Bank v. Johnson,* 249 U.S. 246, 248, 39 S.Ct. 263, 63 L.Ed. 587, 588 (1919); *In re Centre de Tricots De Gaspe, Ltee.,* 10 B.R. 148, 149 (Bkrtcy.S.D.Fla. 1981); L. King, 2 *Collier on Bankruptcy,* ¶ 301.07–.08 (15th ed. 1983). Recently, one bankruptcy judge described the proceeding on an involuntary petition as "in essence a civil suit requesting a judgment that an order for relief be entered . . . ." *In re Alpine Lumber and Nursery,* 13 B.R. 977, 979 (Bkrtcy.S.D.Cal.1981). An order for relief is, therefore, an important step in bankruptcy procedure. But, admittedly, it does not meet the usual standard of finality, i.e., a decision "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911, 916 (1945). On the contrary, an order for relief can be viewed as merely a decision that a bankruptcy case can continue. In fact, the only truly final order in a bankruptcy proceeding occurs when the order closing the case is filed. 11 U.S.C. § 350.

■ Nevertheless, the nature of bankruptcy cases in general and orders for relief in particular convince us that we have jurisdiction. Two highly-respected authorities offer support for this conclusion. 1 *Collier on Bankruptcy, supra,* at ¶ 3.03[7][d][iii] n. 213; R. Levin, *Bankruptcy Appeals,* N.C.L. Rev. 967, 985 & n. 140 (1980).[2] *Collier's* support is minimal, however, for it offers no specific reasons for reaching its conclusion. Mr. Levin, on the other hand, presents a convincing argument that orders for relief and other final decisions in "proceedings in bankruptcy" should be treated as final and appealable as of right. Proceedings in bankruptcy include "everything that was formerly known as an adversary proceeding, contested matter, administrative matter, proceeding in bankruptcy or controversy arising in a proceeding in bankruptcy."

*Id.; see* H.Rep. No. 595, *supra,* at 444–445. Rulings on orders for relief would surely fall within this class of proceedings. Although we do not necessarily adhere to Levin's broad reading of final orders in all bankruptcy matters, *see* C. Wright, A. Miller and E. Cooper, 16 *Federal Practice and Procedure,* § 3926 n. 0.3 (1982 Supp.), we are convinced that orders for relief should be considered final for purposes of appeal because they "may determine and seriously affect substantive rights" and "cause irreparable harm to the losing party if he had to wait to appeal to the end of the bankruptcy case." R. Levin, *supra,* at 985–986 & n. 140.

The thrust of Levin's argument is that one should determine if an order is final in light of the unique nature of bankruptcy procedure and not with blind adherence to the rules of finality developed under 28 U.S.C. § 1291. Other circuit courts have followed this approach when determining the scope of their jurisdiction over appeals that have proceeded from the bankruptcy courts through the district courts. *See, e.g., Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101 & n. 3 (3d Cir.1981); *In re Marin Motor Oil, Inc.,* 689 F.2d 445, 447 (3d Cir.1982); *cert. denied,* —— U.S. ——, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983); *see also Maiorino v. Branford Savings Bank,* 691 F.2d 89, 93 (2d Cir.1982). Some other decisions have more closely relied on the finality rules developed under § 1291 but appear to be willing to use the "exceptions" thereto somewhat liberally. *See In re Taddeo,* 685 F.2d 24, 26 n. 4 (2d Cir.1982) and *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1309 (11th Cir.1982) (denial of relief from automatic stay is the same as granting a permanent injunction and therefore is a final order); *In re Regency Woods Apartments, Ltd.,* 686 F.2d 899, 902 (11th Cir.1982) (the *Forgay-Conrad* rule and the collateral order doctrine apply to bankruptcy proceedings); *cf. In re Callister,* 673 F.2d 305, 307 (10th Cir.1982) (while seemingly recognizing that certain orders besides those closing the case should be appealable,

---

**2.** We note that Mr. Levin is one of the principal drafters of the Bankruptcy Reform Act of 1978

and also one of the contributing editors to *Collier on Bankruptcy.*

the court refuses to apply either the collateral order exception or the death knell doctrine to an order providing an interim award of attorney fees to debtor's counsel). While these courts use different analyses for determining the proper scope of appellate jurisdiction over bankruptcy matters, one thing seems clear: certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right.

The procedure on a petition for an order for relief has many of the attributes of "adversary proceedings" governed by Part VII of the Bankruptcy Rules. Fed.R. Bankr.P. 121. In turn, the rules governing adversary proceedings are derived largely from the Federal Rules of Civil Procedure. *See* Advisory Committee Comments to Fed. R.Bankr.P. 701. In a proceeding on an involuntary petition, the rules contemplate a procedure much like any other lawsuit: the petition for relief is treated as a complaint which must be answered by the debtor to avoid default, *see* Fed.R.Bankr.P. 112, 115(c), and Interim Rules 1008, 1009; motions akin to those under Fed.R.Civ.P. 12 may be made, *id.;* discovery is available, Fed.R.Bankr.P. 726–737; a hearing is held and evidence taken, Fed.R.Bankr.P. 115 and Interim Rule 1009; the court must make findings of fact and conclusions of law, Fed.R.Bankr.P. 752; and, under the Proposed Rules (effective August 1, 1983), the court must enter judgment, Rules 1018 and 7054. It is evident, then, that the decision to enter an order for relief is prefaced by a procedure similar to that preceding other final judgments in civil and criminal litigation. As noted, Proposed Rules 1018 and 7054 make Fed.R.Civ.P. 54's rules governing judgment applicable to proceedings on an order for relief. Rule 54(a) defines judgment as "a decree and any order from which an appeal lies." This appears to be a recognition by the drafters of the rules that an order for relief should be an appealable final order.

In addition to the procedural acknowledgment that an order for relief is an appeala-

ble order, we believe that the practical effect of the order compels such a conclusion. An order for relief, being a conclusive determination of the debtor's status as bankrupt, carries with it a great potential for irreparable injury if immediate appeal is not allowed. An order for relief effectively divests the debtor of his assets, creating an estate controlled by the bankruptcy court. 11 U.S.C. § 541; S.Rep. No. 989, *supra,* at 83, U.S.Code Cong. & Admin.News 1978, p. 5867 ("Once the estate is created, no interests in property of the estate remain in the debtor"). In a Chapter 7 case the trustee is obligated to gather the assets of the estate, liquidate them, and to the extent possible satisfy creditors' claims. *See* 11 U.S.C. §§ 323, 363, 704; *Collier on Bankruptcy, supra,* at ¶¶ 323.01, 363.01[1], 704.01[3]. The debtor is then discharged, 11 U.S.C. § 727, and the case closed, 11 U.S.C. § 350. During the administration of the estate the debtor's rights are limited. On entry of the order for relief he loses control of his assets, which may include a business. *See* 11 U.S.C. § 303(f). Once property of the estate is liquidated there appears to be no way the debtor can force bona fide purchasers to return the assets. *See* H.Rep. No. 595, *supra,* at 338; 2 *Collier on Bankruptcy, supra,* at ¶ 349.03 (dismissal of a case revests the debtor of rights he had prior to the commencement of the case but this does not necessarily "encompass undoing sales of property from the estate to a good faith purchaser"). A debtor may possibly attack the propriety of every sale by appeal, but to effectively do so he must seek to stay the sale. 11 U.S.C. § 363(m); *see In re Royal Properties, Inc.,* 621 F.2d 984, 987 (9th Cir. 1980). Such a procedure, however, is unduly burdensome and it is also unclear whether a debtor, once adjudicated a bankrupt, is a proper party to attack a sale by the estate. *In re Sawilowsky,* 284 F. 158, 159 (S.D.Fla.1922) (once adjudicated a bankrupt, debtor had no standing to attack sale of property of the estate); *see also In re Rose,* 86 F.2d 69, 71 (9th Cir.1936).

We find the other protections for debtors under the Bankruptcy Code insufficient to

outweigh the potential for irreparable injury once an order for relief is entered. A debtor may convert an involuntary liquidation case to Chapter 11, Reorganization. 11 U.S.C. § 706. Under Chapter 11, the court *may* restore the debtor to possession of the property of the estate. 11 U.S.C. § 1105. Where important property rights are involved, we do not find the mere *possibility* of possession after conversion availing. Also, the debtor may move to vacate the order for relief, such as in this case, but if the motion is denied the debtor would be in the same position as the appellant here. And, as noted, dismissal of a case after such a motion would not restore the debtor to property sold to good faith purchasers. None of these protections are adequate to prevent a debtor from suffering irreparable injury through loss of property where an order for relief on an involuntary petition has been granted.

Our decision finding an order for relief appealable comports with precedent allowing some qualification to the otherwise strict rules governing finality. In *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), the Court ruled that an order may be treated as final prior to the entry of the truly final decree if it directs the immediate delivery of property and carries with it the possibility of irreparable injury if appellate review is delayed. *Id.* at 204, 12 L.Ed. at 406. Although *Forgay* stated that this rule should not apply if the property is delivered to the control of the court rather than a third party, *id.* at 204–205, 12 L.Ed. at 406, when the officer of the court, in this case the trustee, is given great control over the property in question with the power to make binding dispositions thereof, we believe the rule of *Forgay* should still apply. In this respect, the entry of an order for relief is quite similar to the situation in *Forgay* where the decision to deliver the property effectively determined the outcome of the case; all that remained to be done was an accounting. Here we have an order that effectively determined the debtor's status as bankrupt and placed the debtor's property in the control of the court. All that remains to be done is, in effect, the execution of the judgment through gathering the debtor's assets, liquidating them, turning the proceeds over to the creditors, and discharging the debtor.

Our decision that the entry of an order of relief is a final decision appealable as of right to this court by the debtor should not be read to imply that this court endorses a liberalization of the rules governing finality in any other context. The unique nature of bankruptcy procedure dictates, however, that we take a pragmatic approach to the question of finality. *See Brown Shoe Co. v. United States,* 370 U.S. 294, 306, 82 S.Ct. 1502, 1513, 8 L.Ed.2d 510, 525 (1962); *In re Brissette,* 561 F.2d 779, 782–783 (9th Cir. 1977) (although orders on bankruptcy property exemption disputes are technically interlocutory, in a practical sense they often are a final resolution of the rights of the parties and are not effectively reviewable from the final judgment in the case); *Smith v. Eggar,* 655 F.2d 181, 184–185 (9th Cir.1981); 15 *Federal Practice and Procedure, supra* at § 3913. We conclude that we have jurisdiction to review the motion to vacate the entry of the order for relief.

## B.   *Denial of the Motion to Vacate*

We now turn to the merits. Mason claims that the lower court's failure to vacate the order for relief was error because only two creditors petitioned for relief in his case. 11 U.S.C. § 303(b)(1) and (2) provide that when a debtor has twelve or more creditors, at least three must join in the petition.

The rules governing Fed.R.Civ.P. 60(b) motions apply to motions to vacate an order for relief. Fed.R.Bankr.P. 924. Mason appears to be arguing that the judgment was void because of a jurisdictional defect, Rule 60(b)(4), and the failure to raise the defect was excusable neglect, Rule 60(b)(1).

We agree with the lower court's determination that Mason waived his right to present this defense by failing to raise it in an answer to the petition. The lack of the requisite number of petitioning creditors did not deprive the bankruptcy court of

jurisdiction to enter a valid order for relief. *In re Earl's Tire Service, Inc.,* 6 B.R. 1019, 1022–1023 (D.C.D.Del.1980); 2 *Collier on Bankruptcy, supra,* at ¶ 303.15[6]. Cases under the Bankruptcy Act of 1898 are in accord. *General Kontrolar Co. v. Allen,* 124 F.2d 123, 127 (6th Cir.1942); *In re National Republic Co.,* 109 F.2d 167, 170 (7th Cir.), *cert. denied,* 309 U.S. 671, 60 S.Ct. 614, 84 L.Ed. 1017 (1940); *see also Canute Steamship Co. v. Pittsburgh Coal Co.,* 263 U.S. 244, 248, 44 S.Ct. 67, 68, 68 L.Ed. 287, 289 (1923) ("the filing of a petition, sufficient on its face ... clearly gives the bankruptcy court jurisdiction of the proceeding").

■ Mason also contends that he instructed his attorney to timely raise the defense of an insufficient number of creditors and the failure to do so constitutes excusable neglect or mistake under Rule 60(b)(1). The bankruptcy court saw the facts differently. It found that, based on his attorney's advice that an objection on this ground would be of no help to his case, Mason decided not to press the issue. We are not convinced this finding is clearly erroneous, Fed.R.Civ.P. 52(a), but, in any event, we fail to see how the bankruptcy court abused its discretion in denying the motion in the face of such testimony. *See Smith v. Stone,* 308 F.2d 15, 18 (9th Cir. 1962); *United States v. Russell,* 578 F.2d 806, 807 (9th Cir.1978). Also, as the bankruptcy court noted, Mason is unable to point to a defense that would defeat the petition if his motion is granted. *See Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir.1973). The lack of three petitioning creditors would avail Mason only if he could show a third creditor would not join in the petition. This he has not done.

III. CONCLUSION

The decision of the bankruptcy appellate panel is

AFFIRMED, costs to appellees.