In re Edith M. GRACEY a/k/a Mrs. J. Raymond Gracey.

Civ. A. No. 87–7080.

United States District Court, E.D. Pennsylvania.

Nov. 30, 1987.

Edith M. Gracey, pro se.

Mark L. Tunnell, Phoenixville, Pa., Kurt Althouse, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

WEINER, District Judge.

This is an appeal from an Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania. The debtor, Edith M. Gracey, a/k/a Mrs. J. Raymond Gracey ("Gracey"), appeals from the Order of the bankruptcy court dated September 15, 1987, denying Gracey's "Emergency Petition for Rule to Permit Debtor to Operate Schools" ("Emergency Motion"). For the reasons which follow, we dismiss the appeal for lack of jurisdiction.

On March 8, 1984, Gracey filed a petition for liquidation under chapter 7 of the Federal bankruptcy law. On June 21, 1984, Gracey elected to convert this case to an Adjustment of Debts of an Individual with Regular Income proceeding under chapter 13. By Order of the bankruptcy court dated May 22, 1986, the case was voluntarily reconverted to chapter 7 and a trustee of the estate was appointed. It is currently pending in the bankruptcy court under chapter 7. The action revolves around Gracey's failure to make any payments on an outstanding mortgage balances due to certain creditors. On April 17, 1987, the trustee filed notice of his intention to sell the three parcels of real estate which are the subject of the outstanding mortgage balance. Gracey owns and operates the Van Reed School for Young Children run from two of the three real estate parcels. Her home is on the third property. Gracey contends that if she were permitted to operate the Van Reed School, she would use the tuition payments to repay the outstanding mortgage balance.

We first must determine whether the Order of the Bankruptcy Court of September 15, 1987 is a "final" order which is appealable as of right or an interlocutory order which is appealable only with leave of this court. We conclude that the bankruptcy court's order was interlocutory and therefore not appealable as a matter of right.

The district courts have "jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges." 28 U.S.C. § 158(a). A final decision is generally one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 230, 65 S.Ct. 631, 632, 89 L.Ed. 911 (1945)) Finality, however, is

viewed more flexibly in the bankruptcy context than it is in other civil litigation contexts. *In re Comer*, 716 F.2d 168, 171 (3d Cir.1983). This is because "certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right." *Mason v. Integrity Insurance Co.*, 709 F.2d 1313, 1317 (9th Cir.1983). A bankruptcy order need not dispose of all aspects of a case in order to be final; an order which disposes of a "discrete dispute within the larger case" will be considered final and appealable. *In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir.1983). However, an order "which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits" is considered interlocutory. *In re Merle's Inc.*, 481 F.2d 1016 (9th Cir.1973).

In the case *sub judice,* the Order of the bankruptcy court dated September 15, 1987 reads as follows:

### ORDER

AND NOW, this 15th day of September, 1987, for the foregoing reasons, it is ordered

1. that debtor's "Emergency Motion" is denied; and

2. that debtor shall immediately cancel the "open house" scheduled at the school on September 19 and 20, 1987; and

3. that debtor shall immediately write to the parents of all of the children purportedly enrolled in the school, including any parents known by the debtor who are planning to send their children to the school, stating clearly that the school will not reopen on September 23, 1987; and

4. that the letters described in the above paragraph shall contain no references to the school opening at any future date; and

5. that the debtor shall certify to the Court the date on which the letters were mailed and identify the individuals to whom they were mailed.

■ The effect of the bankruptcy court's Order was to enjoin Gracey from attempting to operate the Van Reed School for Young Children while her case is pending in bankruptcy court under chapter 7. The issue of whether Gracey could operate the Van Reed School while her case is pending in bankruptcy court was merely a sudden intervening matter pertaining to the central cause in this litigation—Gracey's ability to repay the outstanding mortgage balance. Thus, the Order did not dispose of a "discrete dispute within the larger case" such as the sale of a specific piece of property or the resolution of a particular tort claim. Nor did it resolve the litigation, decide the merits, determine rights of the parties, or establish damages. *Callister v. Ingersoll–Rand Financial Corp.*, 673 F.2d 305 (10th Cir.1982). Because the bankruptcy court Order denying Gracey's "Emergency Motion" was interlocutory, Gracey cannot appeal to this court as a matter of right.

■ Since we have concluded that the Order of the bankruptcy court dated September 15, 1987 was interlocutory, the only way this court can exercise jurisdiction over Gracey's appeal is if we grant leave to appeal. 28 U.S.C. § 158(a). Because this statute does not provide the district courts any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, we look for guidance to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from the district courts to the courts of appeals. The statute provides in pertinent part:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an intermediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.—

We find that the case *sub judice* does not involve a controlling question of law as to which there is a substantial ground for difference of opinion and that accepting Gracey's appeal would not ultimately advance the termination of the bankruptcy proceedings. In fact, to accept the appeal *sub judice* would place the court in the role of an overseer of the bankruptcy judge, a rule we loathe to accept.

Even if the bankruptcy court's Order was appealable as of right, we would affirm that Order.

We have not been able to locate any caselaw or statutes that allow a debtor such as Gracey to operate her own business for a limited period of time. During the hearing before the bankruptcy court concerning her "Emergency Motion", Gracey relied solely on 11 U.S.C. § 721. However as the bankruptcy court correctly pointed out in its Memorandum Opinion and Order of September 15, 1987, under this statute, only a *trustee* may be authorized to operate the debtor's business. Thus, Gracey, as the debtor, has no standing to argue her claim under this statute.

Even if Gracey had standing, the record reveals that Gracey failed to prove that the continued operation of the school would be "... in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. At a hearing before the bankruptcy court on September 15, 1987 concerning her petition, she not only failed to present any witnesses in general, but specifically failed to present any witnesses qualified to discuss the interests of the estate.