FILED
United States Court of Appeals
Tenth Circuit

**August 5, 2011**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

---

In re: HEALTHTRIO, INC.,

        Debtor,

------------------------------

HEALTHTRIO, INC.,

        Appellant,

v.

CENTENNIAL RIVER CORP., f/k/a
Immedient Corp.; AXIOM SYSTEMS,
INC.; JOHNSON-LAIRD, INC.,

        Appellees.

No. 10-1351

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY APPELLATE
PANEL OF THE TENTH CIRCUIT
(BAP No. 09-73)**

---

Submitted on the briefs:[*]

Peter J. Lucas, James P. Eckels, Appel & Lucas, P.C., Denver, Colorado, for
Appellant.

Roger M. Bould, Keevican, Weiss, Bauerle & Hirsch, LLC, Pittsburgh,

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Pennsylvania, Edgar L. Neel, Pendleton, Friedberg, Wilson & Hennessey, P.C., Denver, Colorado, for Appellees.

---

Before **HOLMES** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

**BRORBY**, Senior Circuit Judge.

---

The primary issue in this Chapter 7 bankruptcy case is whether the United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP) had jurisdiction to review an "order for relief" entered by a bankruptcy judge serving in the United States Bankruptcy Court for the District of Delaware (Delaware Bankruptcy Court). The Delaware bankruptcy judge entered the order for relief <u>after</u> the effective date of a transfer of venue he had ordered under 28 U.S.C. § 1412 to the United States Bankruptcy Court for the District of Colorado (Colorado Bankruptcy Court).

The parties agree that the order should be vacated on the ground that it is void because it was issued after the transfer was complete and therefore in the absence of jurisdiction, a proposition that finds footing in the case law of both the Third and Tenth Circuits. *See Hudson United Bank v. Chase Manhattan Bank of Conn., N.A.*, 43 F.3d 843, 845 n.4 (3d Cir. 1994) (explaining that transferor court loses jurisdiction once transfer is complete, which occurs "when the files in a case are physically transferred to the transferee court"); *Chrysler Credit Corp. v.*

-2-

*Country Chrysler, Inc.*, 928 F.2d 1509, 1516-17, 1520 (10th Cir. 1991) (same);

*see also Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245

(10th Cir. 2005) (stating that judgment is void if court lacked subject matter

jurisdiction); *Union Switch & Signal Div. Am. Standard Inc. v. United Elec.,*

*Radio & Mach. Workers of Am., Local 610*, 900 F.2d 608, 612 n.1 (3d Cir. 1990)

(same).  However, the BAP concluded that it did not have jurisdiction because the

second sentence of 28 U.S.C. § 158(a) provides that an appeal of a decision by a

bankruptcy judge "shall be taken only to the district court for the judicial district

in which the bankruptcy judge is serving."[1]  We agree with the BAP and therefore

affirm.

## I.    BACKGROUND

An involuntary Chapter 7 case may be commenced by "three or more

entities, each of which is . . . a holder of a claim against such person that is not

contingent as to liability or the subject of a bona fide dispute."  11 U.S.C.

§ 303(b)(1).  Appellees Centennial River Corp., f/k/a Immedient Corp.; Axiom

Systems, Inc.; and Johnson-Laird, Inc. (together, the Petitioning Creditors) filed

their involuntary petition against HealthTrio, Inc., in the Delaware Bankruptcy

Court.  HealthTrio answered the petition and filed counterclaims, but it also

---

[1]     Under certain circumstances described by statute, bankruptcy appellate
panels hear appeals from decisions of bankruptcy judges rather than the district
courts.  *See* 28 U.S.C. § 158(b)-(c).  Such is the case here.

-3-

moved to dismiss the petition and to transfer venue to the Colorado Bankruptcy Court. The transfer motion was based on 28 U.S.C. § 1412, which authorizes a transfer of venue "in the interest of justice or for the convenience of the parties." HealthTrio claimed that although it was a Delaware corporation in "delinquent" status, its books, records, principal offices, assets, business operations, and some of its officers were located in Colorado. App. at 48-49.

After a hearing on the motion to dismiss, the Delaware bankruptcy judge denied it in a written order entered as Docket No. 19. Petitioning Creditors then moved for summary judgment on the involuntary petition, requesting that an order for relief be entered against HealthTrio.

Before continuing our discussion of the procedural facts, some background on an "order for relief" is helpful. Used extensively in the bankruptcy code, the phrase is defined by statute as follows: "'order for relief' means entry of an order for relief." 11 U.S.C. § 102(6). As fleshed out in case law, an order for relief is "the equivalent of an 'adjudication' under the Bankruptcy Act of 1898," and therefore is "a judgment *in rem*, a conclusive determination of the debtor's status in bankruptcy." *Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1315 (9th Cir. 1983). It "effectively divests the debtor of his assets, creating an estate controlled by the bankruptcy court." *Id.* at 1317. In a voluntary case, the commencement of the case itself "constitutes an order for relief." 11 U.S.C. § 301. In an involuntary case, such as this one, the debtor may answer. *Id.*

-4-

§ 303(d).  If the involuntary "petition is not timely controverted," the court must issue an order for relief; but if the petition is controverted, the court must determine "after trial" whether to issue an order for relief.  *Id.* § 303(h).  Once an order for relief is entered in a Chapter 7 case (either voluntary or involuntary), an interim trustee is "'promptly'" appointed, "and eventually, a permanent trustee . . . is installed for the duration of the bankruptcy."  *C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.)*, 636 F.3d 1257, 1261 (10th Cir. 2011) (quoting 11 U.S.C. § 701 and citing *id.* § 702), *petition for cert. filed*, 79 U.S.L.W. 3674 (U.S. May 16, 2011) (No. 10-1412).

With this understanding of an order for relief, we return to the procedural history of our case.  The Delaware bankruptcy judge held a hearing on September 15, 2009, at which he stated "[i]t appears to me that an Order for Relief . . . should be entered in this case," but there is "not . . . a sufficient record before me today to answer that question."  App. at 148.  Although the judge repeated his belief that an order for relief was appropriate, *see id.* at 152, he ultimately ordered discovery pertaining to the motion to transfer, set a hearing on that motion, and set a trial on the merits for October 7, 2009, stating that "if the parties can come to agreement on the issue of the order for relief, then I would expect that under certification.  Otherwise, we'll deal with it on the 7th," *id.* at 154.

After a continuance and a hearing on a discovery dispute, the judge held

another hearing on November 12, 2009, at which the parties again presented a discovery dispute. The judge took matters under advisement and stated his intent to review the record in order to "understand the full context of these proceedings." *Id.* at 178. The judge informed the parties that he would either issue rulings on pending motions or set up another hearing, and that he would issue an order on the discovery dispute. The judge did not mention or issue an order for relief.

The same day as the hearing, November 12, the Delaware bankruptcy judge entered an order granting HealthTrio's motion to transfer venue to the Colorado Bankruptcy Court pursuant to 28 U.S.C. § 1412. The judge referred to "an order for relief having been entered in this involuntary case [Docket No. 19]" as one of the factors that informed his decision. *Id.* at 169 (brackets in original). As noted, however, Docket No. 19 was the order denying HealthTrio's motion to dismiss, not an order for relief.

On November 16, 2009, the case was docketed in the Colorado Bankruptcy Court. The transmittal letter sent by the Delaware Bankruptcy Court, dated the same day, states that "[d]ocuments were electronically filed and can be viewed through the Court's ecf [electronic case filing] link." *Id.* at 180.

On November 23, 2009, Petitioning Creditors filed a motion in the Delaware Bankruptcy Court for clarification of the transfer order. They noted that the order entered as Docket No. 19 denied HealthTrio's motion to dismiss but

-6-

did "not explicitly enter an Order for Relief against [HealthTrio]." *Id.* at 182.

Petitioning Creditors asked the court to clarify the transfer order "by amending it

to expressly enter an order for relief against [HealthTrio]." *Id.* In response, the

Delaware bankruptcy judge entered an "Order of Relief" [sic] on December 10,

2009, which read, in its entirety:

> And now, this 10th day of December, 2009, upon consideration
> of the Motion for Clarification filed by the Petitioning Creditors in
> the above-captioned case, and the Court having determined that the
> clarification requested is appropriate under the circumstances; it is
> hereby Ordered that the Court's Order dated November 12, 2009 is
> amended to explicitly provide that an Order for Relief against Health
> Trio, Inc. be and hereby is entered under Chapter 7 of Title 11,
> U.S.C.

*Id.* at 184.

The order for relief was docketed in both the Delaware Bankruptcy Court

and the Colorado Bankruptcy Court, and HealthTrio filed timely notices of appeal

from that order in the United States District Court for the District of Delaware

and in the United States District Court for the District of Colorado.[2] Meanwhile,

the Colorado Bankruptcy Court granted HealthTrio's motion to stay the case

pending appeal, concluding that HealthTrio was likely to prevail on the merits of

its argument that once the case was docketed in Colorado, the Delaware

---

[2] Because no party filed a timely election to have the Colorado appeal heard by the district court, that appeal proceeded before the BAP according to 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. 8001(e). In the other appeal, the Delaware District Court granted HealthTrio's motion to transfer the appeal filed there to the Colorado District Court, and the transfer was completed on June 25, 2010.

-7-

Bankruptcy Court lost jurisdiction to enter the order for relief, and therefore the order for relief was void. The Colorado Bankruptcy Court expressed its opinion that the reference to "an order for relief having entered" in the transfer order was "simply an error" and "that no order for relief was ever entered at any time during which the Delaware court had jurisdiction over this case." *In re HealthTrio, Inc.*, No. 09-34404-HRT, 2010 WL 749800, at \*3 (Bankr. D. Colo. Feb. 25, 2010) (unpublished).

In the Colorado appeal, HealthTrio asserted that the BAP had jurisdiction under 28 U.S.C. § 158(a)(1) and presented its arguments on the merits, including that the Delaware Bankruptcy Court lost jurisdiction once the case was docketed in the Colorado Bankruptcy Court.[3] Petitioning Creditors joined with HealthTrio in requesting expedited disposition and agreed that the relief HealthTrio sought—vacatur of the order for relief—was proper. App. at 224-25. The BAP agreed with the parties that the transfer appeared to deprive the Delaware Bankruptcy Court of jurisdiction to enter the order for relief. However, the BAP dismissed the appeal, concluding that it lacked jurisdiction to review an order of the Delaware Bankruptcy Court because the second sentence of § 158(a) provides that an appeal of a decision by a bankruptcy judge "'shall be taken only to the

---

[3]  HealthTrio also argued that the Delaware Bankruptcy Court's order for relief was procedurally improper under 11 U.S.C. § 303 and Fed. R. App. P. 52, but it has not raised those issues in this appeal.

-8-

district court for the judicial district in which the bankruptcy judge is serving.'"

*Health Trio, Inc. v. Centennial River Corp. (In re Health Trio, Inc.)*,

No. CO-09-073, 2010 WL 2730534, at *2 (BAP 10th Cir. July 12, 2010)

(unpublished) (quoting 28 U.S.C. § 158(a)).[4]  The BAP opined that the parties

could ask the Colorado Bankruptcy Court to determine "whether the [transfer

order that] inaccurately stated that an order for relief had been entered in fact

operated as an order for relief." *Id.*  The BAP further posited that "Petitioning

Creditors could also proceed before the Colorado Bankruptcy Court on the merits

of their involuntary petition.  In either case, the order issued by the Colorado

court would be reviewable by [the BAP]." *Id.*  HealthTrio then filed this appeal

------

[4]    Section 158(a) provides in full:

> The district courts of the United States shall have jurisdiction
> to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section
> 1121(d) of title 11 increasing or reducing the time periods referred to
> in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and
> decrees;
>
> and, with leave of the court, from interlocutory orders and decrees,
> of bankruptcy judges entered in cases and proceedings referred to the
> bankruptcy judges under section 157 of this title.  An appeal under
> this subsection shall be taken only to the district court for the judicial
> district in which the bankruptcy judge is serving.

and an opening brief. Petitioning Creditors have not filed a response brief; to the contrary, they have joined with HealthTrio in seeking vacatur of the order for relief.

## II. DISCUSSION

### A. This Court's Jurisdiction

Before considering whether the BAP had jurisdiction over the Delaware Bankruptcy Court's order for relief, we first must establish that our jurisdiction is proper under 28 U.S.C. § 158(d)(1), which provides "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section."[5] To determine finality under § 158(d)(1),

> we look to the order of the BAP itself, determining whether it is final by considering the effect that the order will have in the context of the particular appeal. If the BAP's order results in significant further proceedings in the bankruptcy court, the BAP's order is not final, and we do not have jurisdiction to consider an appeal therefrom.

*Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.)*, 533 F.3d 1209, 1214 (10th Cir. 2008) (citation omitted). Although the analysis hinges on the effect of the BAP order, it also requires considering whether the bankruptcy court order is final. The court in *In re Tri-Valley Distributing* listed "several combinations of final and nonfinal orders by the bankruptcy judge and on appeal

---

[5] Among other things, subsection (b) authorizes a bankruptcy appellate panel to hear appeals brought under subsection (a).

to the BAP" that determine whether this court has jurisdiction under§ 158(d). *Id.* One combination giving rise to circuit court jurisdiction occurs when the BAP affirms a final order of a bankruptcy judge because "no further proceedings would be contemplated in the bankruptcy court." *Id.* The *Tri-Valley* court did not give an example where, as here, the BAP dismisses an appeal for lack of jurisdiction, but the effect is the same as an affirmance—it leaves in place the order appealed, here the order for relief. Thus, this court must look to whether the order for relief is final "[i]n the bankruptcy context," which requires looking not at the "overall bankruptcy case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Id.* at 1213-14 (internal quotation marks omitted).

We have found only two circuit cases that have considered whether an order for relief in an involuntary case is a final order for purposes of circuit court jurisdiction. In the first, *In re Mason*, the Ninth Circuit concluded that an order for relief is final and appealable because, as an "adjudication" that is a "conclusive determination of the debtor's status in bankruptcy," it is "*res judicata* between the actual parties to the proceeding to all the facts and subsidiary questions of law on which it is based." 709 F.2d at 1315-16.[6] The court's

6    Although *In re Mason* concerned circuit court jurisdiction under a substantially identical predecessor statute, "28 U.S.C. § 1293(b), which was eliminated by the Bankruptcy Amendments and Federal Judgeship Act of 1984,"
                                                                    (continued...)

-11-

conclusion was based on the view that an order for relief "may determine and seriously affect substantive rights and cause irreparable harm to the losing party if he had to wait to appeal to the end of the bankruptcy case." *Id.* at 1316 (internal quotation marks omitted). The court also noted the similarities between (a) the procedures leading to an order for relief and (b) the procedures in bankruptcy adversary proceedings and other civil and criminal litigation ending in final, appealable judgments, including motions practice, discovery, hearings, the taking of evidence, and judicial findings of fact and conclusions of law. *Id.* at 1317. The *Mason* court also considered it significant that once an order for relief is entered, "[a]ll that remains to be done is, in effect, the execution of the judgment through gathering the debtor's assets, liquidating them, turning the proceeds over to the creditors, and discharging the debtor." *Id.* at 1318.

In the second case to consider whether an order for relief is final, *McGinnis v. Jenkins & Associates, Inc. (In re McGinnis)*, 296 F.3d 730, 731 (8th Cir. 2002), the Eighth Circuit followed *Mason*. The *McGinnis* court characterized *Mason* as standing for the proposition that an order for relief is a final order for § 158(d) purposes "because it is a final adjudication of the debtor's bankruptcy status that subjects the debtor's assets to involuntary liquidation." *Id.*

---

[6](...continued)
its discussion of "finality" is "applicable to cases arising under section 158." *Allen v. Old Nat'l Bank of Wash. (In re Allen)*, 896 F.2d 416, 418 n.3 (9th Cir. 1990).

We consider the reasoning of these cases sound, and therefore conclude that the order for relief is a final order, and the BAP's dismissal of the appeal from that order is appealable under the framework set out in *In re Tri-Valley Distributing*.

**B.      Effective Date Of Transfer**

Before turning to the BAP's jurisdiction, we must first ensure that the transfer was complete before the Delaware Bankruptcy Court filed the order for relief, as this is a controlling procedural fact.  Our rule is that "[t]he date the papers in the transferred case are docketed in the transferee court, not the date of the transfer order, . . . forms the effective date that jurisdiction in the transferor court is terminated." *Chrysler Credit Corp.*, 928 F.2d at 1517.  This rule, however, has limited utility in a case like this one, where the parties filed electronically and, apparently, no physical papers were docketed in the transferee court.  However, the Delaware Bankruptcy Court's transmittal letter informed the Colorado Bankruptcy Court of the November 12, 2009 transfer order, and directed the Colorado court to the Delaware court's website, where the electronically filed documents could be retrieved.  Under these circumstances, we conclude that the date the transmittal letter was docketed in the transferee court, November 16, 2009, was the effective date of the transfer.  The order for relief was issued on December 10, 2009, well after the transfer was complete**.**

**C.    The BAP's Jurisdiction**

We next must decide whether the BAP had jurisdiction over an appeal, filed in the United States District Court for the District of Colorado, of a post-transfer order of a bankruptcy judge serving in the District of Delaware under § 158(a), which again requires that an appeal be "taken only to the district court for the judicial district in which the bankruptcy judge is serving."  Based on the long-standing principle that a judgment entered in the absence of jurisdiction is void, HealthTrio contends that § 158(a) does not require an appeal to be taken in the district where the order was entered.  Instead, HealthTrio argues, the statute directs that an appeal be taken in the district where the presiding bankruptcy judge is serving, i.e., a bankruptcy judge with jurisdiction, which apparently is determined at the time the appeal is filed.  Aplt. Opening Br. at 18-19.  We disagree.

Because the BAP's jurisdictional dismissal rested on statutory interpretation, our review is de novo.  *See Karr v. Hefner*, 475 F.3d 1192, 1200 (10th Cir. 2007).  "It is our primary task in interpreting statutes to determine congressional intent, using traditional tools of statutory construction."  *St. Charles Inv. Co. v. Comm'r*, 232 F.3d 773, 776 (10th Cir. 2000) (internal quotation marks omitted).  "It is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of a statute controls."  *Edwards v. Valdez*, 789 F.2d 1477, 1481 (10th Cir. 1986).  "[I]f the

-14-

statutory language is clear, our analysis ordinarily ends." *Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008) (internal quotation marks omitted). "If the statute's plain language is ambiguous as to Congressional intent, we look to the legislative history and the underlying public policy of the statute." *Id.* (internal quotation marks omitted).

Given that the transfer of venue in this case was completed before entry of the order for relief, the literal language of § 158(a) provides little help, and we have found nothing significant in the legislative history or published case law. A leading bankruptcy treatise characterizes § 158(a)'s territorial mandate as "self-explanatory." 1 Alan N. Resnick & Henry J. Sommer, *Collier On Bankruptcy* ¶ 5.02[2] (16th ed. 2011). This view, however, proves too little when applying § 158(a)'s mandate in a case transferred under § 1412 since the jurisdictional statute does not plainly contemplate such a scenario. We do, however, note the statute's territorial limitation may serve a clarifying function when a bankruptcy judge appointed to serve in one judicial district temporarily serves in or is transferred to another judicial district pursuant to 28 U.S.C. §§ 152(d) or 155(a).

Because we find no firm answers in the statutory language, the legislative history, the underlying public policy, the treatises, or the case law regarding § 158(a) in the context of a § 1412 transfer, we turn to analogous statutes outside the bankruptcy context. *Cf. True Oil Co. v. Comm'r*, 170 F.3d 1294, 1300

-15-

(10th Cir. 1999) (stating that, "[w]hen interpreting statutory language, this court looks not only at the specific statute at issue, but also examines that statute in context with related statutes"). Specifically, we look to 28 U.S.C. § 1294(1), which establishes the geographic scope of federal circuit court jurisdiction over appeals from the district courts, and 28 U.S.C. § 1404(a), the change-of-venue statute applicable in civil actions.[7]

Like § 158(a), § 1294(1) confers jurisdiction in a territorial manner. It provides that "appeals from reviewable decisions of the district and territorial courts shall be taken to the court of appeals as follows: (1) From a district court of the United States to the court of appeals for the circuit embracing the district." 28 U.S.C. § 1294(1). Also like § 158(a), the literal language of § 1294(1) does not account for transferor court orders or judgments in transferred cases. However, in *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 954 (10th Cir. 1989), a case involving a § 1404(a) transfer, this court interpreted § 1294(1) to preclude appellate review in this circuit of any pre-transfer decisions by a district court lying outside of this circuit, emphasizing that jurisdiction of the courts of appeals is "*territorial* . . . . When Congress defined the outer limits beyond which an appellate court cannot reach, it meant to limit the power of review as well as the authority to supervise to those district courts within the circumscribed

---

[7]     We note that the bankruptcy transfer statute, § 1412, sets forth an analogous interests-of-justice/convenience-of-the-parties standard as § 1404(a).

-16-

circuit." And in *Chrysler Credit Corp.*, another § 1404(a) case, this court stated

that under *McGeorge*, a circuit court can only indirectly review an extra-circuit,

pre-transfer decision by examining the transferee district court's application of

law-of-the-case principles to the decision at issue. 928 F.2d at 1518.[8]

The territorial limitations in § 158(a) and § 1294(1) are analogous. Thus,

although *McGeorge* involved this court's jurisdiction to review pre-transfer

decisions of an extra-circuit district court, we see no reason to distinguish it here,

where HealthTrio seeks Tenth Circuit BAP review of a post-transfer order of an

extra-district bankruptcy judge. Applying this circuit's territorial view of

appellate jurisdiction in *McGeorge*, we hold that § 158(a)'s mandate that an

appeal of a decision by a bankruptcy judge "shall be taken only to the district

---

[8]     Notably, the procedural posture in *Chrysler* was partly analogous to this
case because it involved appellate review of a post-transfer decision issued by the
transferor district court. But there is no discussion of this court's jurisdiction to
do so. Therefore, *Chrysler* is not strong precedent for the proposition that it is
the transferor appellate court (in bankruptcy, either the district court or BAP) that
has jurisdiction to review a post-transfer order of the transferor court, or the
corollary of such a proposition—that a transferee appellate court does not. *See
Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir.
2001) (stating that cases lacking "analysis of [a] jurisdictional question . . . do not
constitute strong precedent on the issue"); *see also Hagans v. Lavine*, 415 U.S.
528, 535 n.5 (1974) ("[W]hen questions of jurisdiction have been passed on in
prior decisions *sub silentio*, this Court has never considered itself bound when a
subsequent case finally brings the jurisdictional issue before us."); *United Food &
Commercial Workers Union, Local 1564 v. Albertson's, Inc.*, 207 F.3d 1193, 1200
(10th Cir. 2000) (explaining that, "[i]n order for a decision to be given stare
decisis effect with respect to a particular issue, that issue must have been actually
decided by the court") (internal quotation marks omitted).

court for the judicial district in which the bankruptcy judge is serving" forecloses Tenth Circuit BAP review of the Delaware bankruptcy judge's order for relief because the issuing bankruptcy judge was serving outside of the judicial district (Colorado) where the appeal was filed.

This does not leave the parties without a remedy. In *Chrysler*, we stated that although "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court," a "prior ruling of a transferor court . . . may be reconsidered when," among other things, "*a clear error has been committed* or to prevent manifest injustice." 928 F.2d at 1516 (emphasis added). Under *Chrysler*, it appears the Colorado Bankruptcy Court could reevaluate the order for relief and the BAP could review that court's application of law-of-the-case principles. However, it does not appear the parties have asked the Colorado Bankruptcy Court to reevaluate the order for relief.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the United States Bankruptcy Appellate Panel of the Tenth Circuit.