NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DOUGLAS J. ROGER, M.D., INC., | No. 15-56798 |
| Debtor, | D.C. No. 5:15-cv-00127-SJO |
| _____ | |
| REVERE FINANCIAL CORPORATION, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| DOUGLAS J. ROGER, M.D., | |
| Appellee, | |
| ARTURO CISNEROS, Chapter 7 Trustee for the Estate of Douglas J. Roger, MD, Inc., a Professional Corporation, | |
| Trustee-Appellee. | |

| | |
|---|---|
| In re: DOUGLAS JAY ROGER, | No. 15-56928 |
| Debtor, | D.C. No. 5:15-cv-00087-SJO |
| _____ | |
| DOUGLAS JAY ROGER, | |

_____

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
                                  Appellant,

     v.

REVERE FINANCIAL CORPORATION,

                                  Appellee.
```

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 5, 2019
Pasadena, California

Before: GOULD, NGUYEN, and OWENS, Circuit Judges.

In No. 15-56928, Appellant and Cross-Appellee Douglas J. Roger, M.D.

("Roger") appeals the district court's reversal of the bankruptcy court's denial of

Revere Financial Corporation's ("Revere") motion to abstain from deciding certain

state law issues. Revere filed a motion to dismiss this appeal on the ground that

this court lacks jurisdiction to review permissive abstention orders. We agree and

grant Revere's motion (No. 15-56798, Dkt. No. 54). *See* 28 U.S.C. § 1334(d)

("Any decision to abstain or not to abstain made under subsection (c) . . . is not

reviewable by appeal or otherwise by the court of appeals . . . ."). Therefore,

Roger's appeal is DISMISSED.[1]

---

[1] To the extent Roger seeks to revive his petition for writ of mandamus raised
previously in his response to this court's order to show cause regarding
jurisdiction, the petition is denied. Further, because we dismiss Roger's appeal,

In No. 15-56798, Appellee and Cross-Appellant Revere appeals the district court's affirmance of the bankruptcy court's order vacating its dismissal of the Douglas J. Roger, M.D., Inc. ("DJRI") bankruptcy.  This court has jurisdiction under the Ninth Circuit's flexible, pragmatic finality test for reviewing bankruptcy court orders.  *See, e.g.*, *In re Mason*, 709 F.2d 1313, 1316–17 (9th Cir. 1983) ("[W]e are convinced that orders for relief[,]" which "effectively divest[] the debtor of his assets, creating an estate controlled by the bankruptcy court[,]" "should be considered final for purposes of appeal because they 'may determine and seriously affect substantive rights' and 'cause irreparable harm to the losing party if he had to wait to appeal to the end of the bankruptcy case.'").  Reviewing for an abuse of discretion, *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991), we affirm.

The bankruptcy court vacated its prior order dismissing the DJRI bankruptcy under Federal Rule of Civil Procedure 60(b)(6).  *See* Fed. R. Civ. P. 60(b)(6) (allowing the court to vacate a prior order for "any other reason that justifies relief").  The bankruptcy court made factual findings supporting its view that the order vacating its dismissal was based on extraordinary circumstances.  It explained that its dismissal order was based on its "erroneous judgment" because

---

Revere's motion to strike portions of Roger's opening brief is denied as moot.  No. 15-56798, Dkt. No. 47.

when it issued the original dismissal order, it did not fully appreciate the complexities and administrative inefficiencies that would flow from dismissing the DJRI bankruptcy, while proceeding with two other related bankruptcy matters— the Roger and Baleine, LP ("BLP") bankruptcies. *See Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (explaining that Rule 60(b)(6) is "an equitable remedy" that "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or *correct an erroneous judgment*" (emphasis added) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993))). "Under the abuse of discretion standard, a reviewing court may not reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors." *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks omitted) (quoting *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995)). Under this deferential standard of review, we cannot say that the bankruptcy court's decision to vacate its prior dismissal was "clear error." *See id.* Therefore, we affirm the district court's order, which affirmed the bankruptcy court's ruling vacating its prior dismissal.[2]

---

[2] We grant Revere's motion to strike all portions of Roger's response brief relating to No. 15-56798 for lack of standing because Roger is neither the debtor, nor the trustee. No. 15-56798, Dkt. No. 90. Even assuming Roger is the sole shareholder in DJRI, Roger does not have control over the shares, as they are now the property of the bankruptcy estate in his individual bankruptcy proceedings. *See Turner v.*

4

**No. 15-56928: DISMISSED; No. 15-56798: AFFIRMED.**

The parties shall bear their own costs on appeal.

---

*Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004) (explaining that when an individual "declare[s] bankruptcy, all the 'legal or equitable interests' he had in his property became the property of the bankruptcy estate and are represented by the bankruptcy trustee"). Because Roger does not have standing in No. 15-56798, and Roger's appeal has been dismissed, this court denies as moot Roger's requests for judicial notice. No. 15-56798, Dkt. Nos. 22-1, 74-1. The court grants Revere's request for judicial notice. No. 15-56798, Dkt. No. 86.